Wilson v. The Mayor, &c. of New-York.

---

## MARIA E. WILSON *vs.* THE MAYOR &c. OF THE CITY OF NEW-YORK.

The corporation of the city of New-York is not liable to actions for injuries done to individuals in the exercise of its authority to direct the pitching, paving and grading of streets.

Where the corporation, in grading two public streets which formed an angle in which the plaintiff's premises were situated, raised those streets so as to prevent the water from flowing off, whereby damage ensued to the plaintiff, who brought *case* against the corporation; *held* that the action could not be sustained.

Where a duty, judicial in its nature, is imposed upon a public officer or a municipal corporation, a private action will not lie for misconduct or delinquency in its performance, even if corrupt motives are charged.

The same principle prevails where the party on whom the duty devolves, though not a judge, is clothed with discretionary powers, to be exerted according to his sense of fitness and propriety.

If such officers act corruptly, they are liable to impeachment or indictment. *Per* BEARDSLEY, J.

The statute authorizing the corporation of the city of New-York to cause common sewers, drains and vaults to be made, confers discretionary powers as to the time and place of constructing such works; and a private action cannot be maintained against the corporation for an omission to . construct a particular improvement of this kind, though the neglect be charged to be wilful

But for a neglect to *repair* existing sewers and drains, by which an individual is injured, an action lies. *Per* BEARDSLEY, J.

The case of *The Mayor &c. of New-York* v. *Furze*, (3 *Hill*, 612,) explained and limited.

ERROR to the New-York common pleas. The plaintiff in error sued the corporation of the city of New-York in the court below and declared in *case*, alleging that she owned and was possessed of a house and four lots of ground at the northwest corner of Fortieth-street and the 7th avenue in the city of New-York, and that the defendants had so carelessly &c. raised, graded and made the said avenue and street, as to obstruct the flowing of the water from her premises, and that the raising of the street and avenue by the defendants had turned the water and caused it to run upon her premises, the defendants having omitted to construct or make any sewer, gutter or drain from the premises or along the street or avenue, as it was their duty to do and as they were bound by law to have done. The defendants pleaded not guilty.

On the trial, in July, 1843, the plaintiff proved that she owned the premises mentioned in the declaration, and that in the fall of 1842 the defendants graded Fortieth-street and the 7th avenue on part of the plaintiff's premises, raising the same about eighteen inches without making any drain or sewer, thereby obstructing the former flow of water from the plaintiff's lots, so that the water ran from the street and avenue and from the adjacent lots upon the premises, and stood there several months from the autumn of 1842 until the ensuing spring. In the spring of 1843 the defendants made a sluice in Fortieth-street, by means of which the water passed off from the plaintiff's premises. The proceedings of the defendants in raising and grading the streets referred to were admitted to be regular.

After making the foregoing proof the plaintiff rested, and the defendants' counsel moved for a nonsuit, insisting that the action as laid and proved could not be sustained. The motion was granted and the plaintiff's counsel excepted. The court below rendered judgment upon the verdict, and the plaintiff brought error to this court.

Wilson *v.* The Mayor, &c. of New-Yoik.

*E. L. Fancher,* for the plaintiff in error, cited 2 *R. L.* (1813) *p.* 467. § 175; *Bailey* v. *The Mayor, &c. of New-York,* (3 *Hill,* 531;) *The People* v. *The Corporation of Albany,* (11 *Wend.* 539;) *Newburgh Turnpike Co.* v. *Miller,* (5 *John. Ch. R.* 101;) *Malcom* v. *Rogers,* (5 *Cowen,* 188;) *Henly* v. *The Mayor of Lyme,* 5 *Bing.* 91; 3 *Barn. & Adolph.* 77, 1 *Bing. N. C.* 222, *S. C.*;) *Rex* v. *The Inhabitants of St. George, Hanover Square,* (3 *Camp.* 222;) 2 *Barn. & Ald.* 179; *The King* v. *The Mayor of Liverpool,* (3 *East,* 86.)

*P. A. Cowdrey,* for the defendants in error, cited 2 *R. L.* (1813) *p.* 423, § 193; *Ex parte The Manhattan Co.* (22 *Wend.* 653;) *Governor &c. of Cast Plate Manufacturers* v. *Meredith,* (4 *Durnf. & East,* 794;) *Leader* v. *Moxon,* (3 *Wils.* 461; 2 *Black. R.* 924, *S. C.*)

*By the Court,* BEARDSLEY, J. The corporation of New-York had an undoubted power to raise, pitch, grade and make the street and avenue, as was done in this instance; and it was conceded on the trial of the cause, that the proceedings for these purposes had been regular. What was done, it was therefore lawful to do; and if the plaintiff was thereby incommoded, it was *damnum absque injuria;* and gave her no right of action against those who had only exercised a legal power vested in them for the public convenience and welfare. It would indeed be remarkable if such an act would, in any case, subject a party to an action; and I think the law is not chargeable with so gross an absurdity. The plaintiff does not allege that any part of her land was taken for the street or avenue; but one portion of her complaint is that she was injured by making the street and avenue on land which bounded two sides of her lot. She certainly may thus have sustained some damage, for more or less inconvenience results to individuals in every case of this description. It is so in the opening of new highways, and in the construction of canals and other public works: but if those on whom powers for such purposes are conferred do not exceed their jurisdiction, they are not responsible for collateral conse-

quences to individuals. As was said by Lord *Kenyon*, in a case which in principle is like the point now under consideration, "If this action could be maintained, every turnpike act, paving act, and navigation act, would give rise to an infinity of actions. If the legislature think it necessary, as they do in many cases, they enable the commissioners to award satisfaction to the individual who happens to suffer. But if there be no such power, the parties are without remedy, provided the commissioners do not exceed their jurisdiction. But it does not seem to me that these commissioners acting under this act have been guilty of any excess of jurisdiction. Some individuals suffer an inconvenience under all these acts of parliament ; but the interests of individuals must give way to the accommodation of the public." (*Governor &c. of Cast Plate Manufacturers* v. *Meredith*, 4 *Durn. & East*, 796.) In the same case, *Buller*, J. observed, "There are many cases in which individuals sustain an injury, for which the law gives no action : for instance, pulling down houses, or raising bulwarks, for the preservation and defence of the kingdom against the king's enemies. The civil law writers indeed say, that the individuals who suffer have a right to resort to the public for satisfaction ; but no one ever thought that the common law gave an action against the individuals who pulled down the house, &c. This is one of those cases to which the maxim applies, *salus populi suprema est lex*. If the thing complained of were lawful at the time, no action can be sustained against the party doing the act. In this case express power was given to the commissioners to raise the pavement ; and not having exceeded their power, they are not liable to an action for having done it." (*See also Sutton* v. *Clarke*, 6 *Taunt.* 29 ; *Hall* v. *Smith*, 2 *Bing*. 156.) So, this corporation, having power to make the street and avenue along the plaintiff's land, and not having transcended its authority in what was done, is not liable to an action at the suit of the plaintiff for any damage she may have sustained.

Another supposed ground of action, vaguely suggested in the declaration, although hardly stated with any thing like legal precision, was urged by the counsel for the plaintiff in error.

Wilson *v.* The Mayor, &c. of New-York.

The mayor, aldermen and commonalty of the city of New-York are expressly authorized to make " common sewers, drains and vaults " in any part of the city.   (2 *R. L. of* 1813, *p.* 407, § 175.) A drain from the plaintiff's lot was charged to have been necessary and proper, and the declaration alleges that it was the defendants' duty to have made one ; and as none was made, the conclusion is drawn that they are responsible to the plaintiff for all the damages which resulted from the want of a proper drain.

This alleged ground of action seems to me wholly unprecedented, and, in my judgment, can be sustained on no principle whatever.   The error has arisen from confounding powers and duties which are totally dissimilar.

Public officers, of every grade and description, may be impeached or indicted for official misconduct and corruption.   To this there is no exception from the highest to the lowest.

But the civil remedy for misconduct in office is more restricted, and depends exclusively upon the nature of the duty which has been violated.   Where that is absolute, certain and imperative, and every mere ministerial duty is so, the delinquent officer is bound to make full redress to every person who has suffered by such delinquency.   Duties which are purely ministerial in their nature, are sometimes cast upon officers whose chief functions are judicial.   Where this occurs, and the ministerial duty is violated, the officer, although, for most purposes, a judge, is still civilly responsible for such misconduct.

But where the duty alleged to have been violated is purely judicial, a different rule prevails ; for no action lies in any case, for misconduct or delinquency, however gross, in the performance of judicial duties.   And although the officer may not in strictness be a judge, still, if his powers are discretionary, to be exerted or withheld, according to his own view of what is necessary and proper, they are in their nature judicial, and he is exempt from all responsibility by action for the motives which influence him, and the manner in which such duties are performed.   If corrupt, he may be impeached or indicted, but the law will not tolerate an action to redress the individual wrong which may have been done.

These principles are too familiar and well settled to require illustration or authority, and in my view of the present question they govern and control it.

The power of the defendants to make sewers and drains is clear, but it is not their duty to make every sewer or drain which may be desired by individuals, or which a jury might even find to be necessary and proper. No imperative duty rests upon the defendants to open any new drain whatever. They have a discretion on the subject, and must necessarily decide when and where such works shall be made. If this were not so, this court by writ of mandamus might compel the making of new sewers, drains and vaults, the opening of new streets and the paving of old ones; and the same power, when applied to the country, would require us to supervise the discretion of commissioners of highways, and in like manner coerce the opening of new roads and the closing of old ones, not in conformity with the views of the local officers, but as we should judge best calculated to promote the public interest. This is stated by way of illustration; for a mandamus will not lie to control the discretion of any tribunal or officer, nor is such tribunal or officer answerable in any form of action, for the manner in which any duty, of a judicial or discretionary nature, shall have been performed. Granting therefore that a drain should have been made as the plaintiff claims, and even that the defendants wilfully, and in violation of their duty, refused to make one, of which however there is not a scintilla of proof, still no action lies for such neglect or violation of duty. As well might commissioners of highways be sued for refusing to lay out a new road on petition, or assessors for placing property at too high a valuation in the assessment roll. In these and innumerable other instances, the officer is to exercise his best judgment and discretion, and although he may be punished if he act corruptly, he is under no circumstances responsible, civilly, for the execution of the trust reposed in him.

In the case of *The Mayor, &c. v. Furze*, (3 *Hill*, 612,) this court held, that the corporation having constructed certain sewers, were bound to keep the same in repair, and were respon-

Wilson *v.* The Mayor, &c. of New-York.

sible civilly for a neglect of that duty. It must be admitted that the generality of the language used by the late chief justice in delivering the judgment of the court in that case, does, to some extent, not only countenance the idea that a similar duty to open and construct all needful drains and sewers in the city, rests upon the defendants, but that a neglect or refusal to open the same would subject the defendants to an action at the suit of any party thereby aggrieved. But the case then before the court called for no opinion upon such a point. The sewers had there been made, and the court held that, having so far acted under the power conferred by the statute, the defendants were imperatively bound to keep the same in suitable condition and repair. To this principle I agree, and the case referred to is not an authority for going further.

Although the language of the statute which confers on the defendants power to make sewers and drains, is that of permission and not of command, yet in its nature it is plainly imperative. (3 *Hill*, 614.) It is equivalent to an express enactment that *it shall be the duty of the mayor, aldermen &c. to make all needful sewers and drains in said city.* The statute imposes not only a moral but a legal duty to that extent, and for a wilful violation of which the guilty individuals may be indicted and punished. But so far as respects a civil remedy it is otherwise. To that extent the decision of those whose duty it is to pass upon the question is absolutely conclusive. They may err in holding that the work ought not to be made, or the decision may be the result of culpable neglect or corruption; still the law has authorized them to determine the question, and it will not permit their decision to be overhaled in a civil action.

Judgment affirmed.