Dewey, J.
The relation of assessors to the town or parish, by which they are elected, is not that of servant and master, or agent and principal, in any such sense as will subject the assessors to a civil action by the town or parish, to recover damages for negligence in the discharge of the public duty devolved upon them by such appointment. Assessors are officers created by statute, with prescribed duties required to ne performed under oath. To some extent such public officers are punishable by indictment, or by penalties or forfeitures that have been by law annexed to the neglect of their duties.
They are also, to a certain extent, liable to individuals for any illegal official acts injurious to them, but this liability has been much modified by the statute provision, making such assessors responsible only for fidelity and integrity on their part.
The views of this court in the case of White v. Phillipston, 10 Met. 108, strongly sustain the position, that public officers are not, in this form of a civil action, held responsible for damages to the town, arising from their neglect of duty, in the absence of any statute giving such remedy to the town. See Trafton v. Alfred, 3 Shepl. 258; Kendall v. Stokes, 3 How. 87; Commonwealth v. Genther, 17 S. & R. 135; Wilson v. The Mayor, &c., of New York, 1 Denio, 595. If liable at all to the town or parish from which they received their appointment, they are so certainly only for want of fidelity and integrity or for not discharging of their duties according to their best judgment and understanding; and upon this ground, the facts stated in the present case would seem to warrant the inference, that as to the manner of making these assessments they acted *267 under the honest belief, that they were making the same in accordance with the views of the parish, as indicated by the facts before them.
There is still another view of this case, alike favorable to the defendants. So far as the action is brought to recover damages against the assessors for not making a larger assessment, and not making a warrant to enforce the collection of the same, the plaintiffs have sustained no damage. Such tax, if made by them, would have been illegal, if, as the plaintiffs allege, and as the facts seem to be, the assessors were not legally qualified by taking the oath required by law; and if the tax had been collected and paid over to the parish, the same might have been recovered back as wrongfully paid. This omission to take an oath of office is not a neglect for which the present action can be maintained. As to assessors of towns, a penalty is provided by law for neglect to qualify as such, but as to the assessors of parishes, it seems no such provision exists, and in neither case does a civil action lie for such neglect. Judgment for the defendants.