.Hutson and Wife *against* The Mayor, &c., of New-York.

Carlin and Harriman *against* The Same.

The corporation of the city of New-York is bound to keep the streets and avenues of that city, which are opened for public use, in such repair that they may be safely traveled; and when they are negligently suffered to become and remain out of repair, the corporation is liable for injuries sustained by persons through such negligence.

Where a public body is clothed by statute with power to do an act which the public interests require to be done, and the means for the performance are placed at its disposal, the execution of the power may be insisted on as a duty, although the statute conferring it be only permissive in its terms.

These actions were commenced in the superior court of New-York, in April, 1850, and both presented the same legal questions. In the first, a recovery was sought for injuries done to Mrs. Hutson by the falling of a carriage, in which she was riding, into a chasm made in the construction of the Harlem railroad, in Fourth Avenue in the city of New-York. The second action was for injuries done to the carriage.

The accident happened December 12, 1849, in the night, when it was very dark. It was proved that the excavation in the avenue (which was thirty-five or forty feet deep) was made by the Harlem Railroad Company several years prior to the accident; that the space between the edge of the avenue and the curb-stone, along the avenue, was from six to ·twelve feet wide, and the accident happened at the narrowest place, where there was a gully washed out by the rains, which rendered it dangerous for a carriage to pass. It appeared that the carriage was driven as closely as possible to the curb-stone. The court charged the jury, in the first case, "that the defendants were bound to keep and maintain the highway in good and sufficient repair, so that carriages could safely pass along; and if the jury were satisfied from the evidence that the defendants had failed to do so, and that

the injury resulted from that cause, and without any negli-
gence or want of care on the part of the driver of the
carriage. the defendants were liable." The charge in the
other case was to the same effect. The defendants' counsel
excepted to the charge, and the plaintiffs recovered in each
case. Judgments entered on the verdicts were affirmed by
the court at general term (5 *Sandf.*; 289); and the defendants
appealed to this court.

*A. J. Willard* for the appellants.

I. The appellants are charged with no greater duties or
responsibilities in regard to repairs to the highways, roads
and streets of the city of New-York, than surveyors of high-
ways are in England, or commissioners and overseers of
highways in this state; accordingly, they are not liable to an
action for damages sustained by reason of their neglect to
repair, unless such an action is given by statute. 1. As it
regards repairs to streets and roads, the mayor, &c., of New-
York are commissioners of highways. (*Van Schaack's Laws,
N. Y.*, 458, 547, *and* 633; *Laws N. Y., from* 1773 *to* 1790,
38, *ch.* 23; 1 *Greenl. Laws*, 417; 2 *Rev. Laws*, 342, 408.)
2. Surveyors of highways in England have the same duties
and responsibilities as commissioners of highways in this
state, and yet are not liable to an action for neglect to repair.
(*Bartlett* v. *Crozier*, 17 *John.*, 452; *Com. Dig., tit. Chemin,
C*, 38.) 3. Nor can such an action be maintained against
commissioners of highways. (*Bartlett* v. *Crozier, supra.*)

II. The circumstance that these powers are vested in a
municipal corporation does not vary their nature nor the
responsibilities growing out of them. 1. Municipal corpora-
tions, exercising political powers, are subject to the same
responsibilities and entitled to the same immunities as
public officers. (*Bailey* v. *Mayor, &c., of N. Y.*, 3 *Hill*, 531,
541.) 2. There is no distinction in this respect between full
corporations and *quasi* corporations; yet towns, when

charged with the liability to repair, are not answerable at common law, in an action for damages, for neglect of their duty. (*Moore* v. *Leicester*, 9 *Mass.*, 247 ; *Harwood* v. *Lowell*, 2 *Law Reporter*, *N. S.*, 640 ; *Commonwealth* v. *Springfield*, 7 *Mass.*, 9.)

III. Neither the charters of the city of New-York, nor the statutes of the colony or of the state, have imposed an absolute and indispensable necessity to repair upon the corporation, of such a nature that its neglect subjects them to action. 1. The grants contained in the charters in reference to streets and highways were grants of political powers merely. (*Kent's City Charter.*) 2. The recitals in the colonial acts subsequently passed, and the acts themselves, show that it was never contemplated that the corporation should make repairs at the expense of the corporation treasury. (*See Laws cited above.*) 3. The act of 1812, amplifying and defining the powers of the corporation in regard to land assessments, carries out the same system that had subsisted under the colonial government. (2 *Rev. Laws*, 342, 408.)

IV. The corporation of New-York have not such a certain and absolute duty laid upon them, of repairing the streets and roads, as to render them subject to an action for its neglect. (*Bartlett* v. *Crozier*, 17 *John.*, 450.) 1. The illustrations of that certain and absolute obligation to repair, which carries with it the liability to an action for its neglect, are found in the following cases : When one is bound by tenure or prescription, or receives a toll in consideration of making such repairs. (*Henly* v. *Mayor, &c., of Lyme Regis.*, 5 *Bing.*, 91; 3 *Barn. & Adol.*, 77, *S. C.*; 1 *Bing. N. C.*, 222, *S. C. in error*; *Mayor of Lynn* v. *Turner*, *Cowp.*, 86 ; *Payne* v. *Partridge*, 1 *Shower*, 255; *Russell* v. *Men of Devon*, 2 *Term R.*, 667.) 2. The duty of the corporation is modified by the fact that it resides in them as a political power ; from the exercise of which, they, as a corporation, derive no benefit, nor are they entitled to any compensation. 3. It is further modified

by the circumstance that the corporation are clothed with a large degree of discretion, not only as to the nature of repairs which should be made, but as to the expediency of making them at any particular time.

V. But even if the duty of making repairs rested upon the entire corporation, yet its neglect does not involve them in the consequence of being subject to an action for damages. (*Russell* v. *Men of Devon*, 2 *Term R.*, 667 ; *Bartlett* v. *Crozier*, 17 *John.*, 439.)

VI. Even if there has been a neglect of duty on the part of the corporation, regarding it in the same light as a person holding a public office, yet no action lies. (*Lane* v. *Cotton*, 1 *Ld. Raym.*, 646 ; 1 *Salk.*, 17, *S. C.; Whitefield* v. *Lord Le Despencer*, *Cowp.*, 754.)

*E. W. Stoughton* for the respondents Hutson and wife.

The defendants are liable upon two grounds : 1. Because by accepting their charters they became, by the conditions thereof, bound to keep the public streets within the city of New-York in repair, and as a consideration for this they received, by force and virtue of such charters, grants of valuable property, privileges and franchises. (*See Charters of* 1686, 1708, 1730 *and Amended Charter of* 1830.) Having accepted, acted under, claimed and enjoyed the benefit of these charters, the defendants are bound by their conditions, and if they fail to perform them, are liable for such special damage as any person may sustain by reason thereof. (*Mayor of Lynn* v. *Turner*, 1 *Cowp.*, 86 ; *Payne* v. *Partridge*, 1 *Shower*, 255 ; *Henly* v. *Mayor*, &c., *of Lyme Regis*, 5 *Bing.*, 91 ; 5 *Barn. and Ald.*, 77, *S. C.* ; 1 *Bing. N. C.*, 222, *S. C.* ; *Mayor*, &c., *of New-York* v. *Furze*, 3 *Hill*, 612 ; *People* v. *Corporation of Albany*, 11 *Wend.*, 539 ; *Heacock* v. *Sherman*, 14 *Wend.*, 58 ; *Mayor*, &c., *of New-York* v. *Bailey*, 2 *Denio*, 433 ; *Townsend* v. *Turnpike Co.*, 6 *John.*, 90 ; *Kent's Notes to Montgomery's Charter*, 6.) 2. Because it is their duty, as

public officers, to keep and maintain the streets of the city in repair; and for this purpose they are empowered to raise sufficient funds, and to employ all necessary officers and servants. If, in consequence of a neglect of this duty, any person suffers special damage, he is entitled to the usual common law remedies for the recovery thereof. (*See the cases above cited, and also Williams' case, 5 Coke,* 73 ; 1 *Coke's Institutes,* 56 ; *Fineux* v. *Hovenden,* 1 *Cro. Eliz.,* 664; *Delmonico* v. *Mayor, &c., of N. Y.,* 1 *Sandf. S. C. R.,* 222 ; *Jenner* v. *Joliffe,* 9 *John.,* 381 ; *Adsit* v. *Brady,* 4 *Hill,* 630 ; *Lansing* v. *Smith,* 4 *Wend.,* 9 ; *Pierce* v. *Dart,* 7 *Cow.,* 609 ; *Dygert* v. *Schenck,* 23 *Wend.,* 446.)

*C. W. Sandford,* for the respondents Carlin and Harriman, cited the above cases, and also *Bailey* v. *The Mayor, &c., of New-York* (3 *Hill,* 531), *Rochester Lead Co.* v. *City of Rochester* (3 *Comst.,* 463), *Mayor, &c., of Albany* v. *Cunliff* (2 *Comst.,* 165).

MASON, J.   The simple question is presented in these cases whether the defendants, who have negligently suffered a public street in the city of New-York to be and remain out of repair, are liable for damages sustained by the plaintiffs whilst carefully driving along such street, their carriage being overset, and the bad condition of the road being the sole cause of the injury thereby sustained. It is insisted on the part of the plaintiffs that the defendants are liable, because it is their duty as a public municipal corporation to keep and maintain the streets of the city in proper repair; and secondly, upon the ground that if this should not be deemed a street in the strict sense of the term, within the meaning of the statutes in reference to the city of New-York, yet that as the defendants as a corporation have been from a very early period commissioners of highways in and for that city, whose duty it is to keep and maintain the highways of the city in repair, and have accepted the city

charter with all its franchises, the same duty was imposed upon them by the conditions of the charter.

It must, however, be considered as admitted by the pleadings that these injuries were received upon one of the public streets of the city. That this street at the place in question was subject to the control of the defendants as a municipal corporation must be conceded. The setting the curb and gutter stones by the defendants was done in virtue of the power conferred by § 175, 2 *R. L.*, 407, and in their municipal character. The defendants therefore possessed this extraordinary power, and over this street. They owned the fee of the land, and held it in trust for the public as a street, with a franchise in themselves conferred for public purposes, authorizing them to maintain and keep the same in repair, and to defray the expenses thereof by assessments upon the adjacent owners or occupants, or upon the lots themselves. It was that this might and should be done that these powers were conferred upon the defendants. It requires no argument to prove that it is the duty of the defendants to see that the public streets of this densely crowded city are kept in repair; for where a public body is clothed by statute with power to do an act which concerns the public interests, the execution of the power may be insisted on as a duty, though the statute conferring it be only permissive in terms. (*The Mayor, &c., of the city of New-York* v. *Furze*, 3 *Hill*, 612.) It was held in this case that the corporation of the city of New-York were bound to repair the sewers, basins and culverts in the streets, constructed for carrying off the water, and that if an inhabitant be injured by reason of their neglect in this respect he may have his action against them for his damages. I am not able to distinguish that case from those under consideration. The liability in both cases rests upon one of the plainest principles of law. It is based upon the defendants' negligence in not performing a plain and absolute duty, in consequence of which the plaintiffs have received this injury.

The case of Furze was decided more than ten years ago, and has ever since been regarded as the settled law in regard both to the defendants' duty and liability in reference to the public streets of that city. The case of *Adsit and others* v. *Brady* (4 *Hill*, 630) is the same in principle. It is declared in that case that when an individual sustains an injury by the misfeasance or nonfeasance of a public officer who acts or omits to act contrary to his duty, the law gives redress to the injured party by an action adapted to the nature of the case. It was held in that case that a superintendent of repairs rendered himself liable to persons sustaining damage in consequence of a sunken boat, obstructing the navigation of the canal, being suffered to remain there by the superintendent; that the statute made the duty of the superintendent to keep his section of the canal in proper repair, and that for neglect to perform that duty the law rendered him liable to an action in behalf of an aggrieved party. The duties of this corporation in regard to keeping the streets and sewers of the city in repair are both prescribed in the same section. (*Laws of* 1813, 407, § 175.) Although its language is that of permission and not of command, yet in its nature it is plainly imperative. (3 *Hill*, 612 ; 1 *Denio*, 601.) In the latter case the court say it is equivalent to an express enactment that it shall be the duty of the mayor, aldermen, &c., to make all needful sewers, &c. They add that, admitting that there is a discretion confided to them in regard to constructing drains and sewers in the first instance, yet when they have constructed them, the duty is imperative to keep them in repair. This court has recognized the liability of municipal corporations in such cases, in *The Rochester White Lead Co.* v. *The city of Rochester* (3 *Comst.*, 464), in which it is affirmed that where a duty purely ministerial is violated or negligently performed by a municipal corporation, the party aggrieved may have redress by action; and the defendants in that case were held liable for negligence in the construction of a culvert. There can be no

difference in their liability for negligence in constructing it and for negligence in not keeping it in repair. The liability in both cases rests upon the omission to perform a plain duty.

It would be a waste of time to examine all the cases referred to by the court below and the counsel upon the argument. Many of them have little to do with the question. There is a class of cases in which both public officers and public bodies have been held not to be liable for an omission to keep highways in repair. They are cases however where the powers have been so limited to accomplish the object that the courts have considered their duty resting in too much doubt to render them liable, or that the duty was not imposed at all, by an omission to give them the means necessary to accomplish the object. The cases under consideration are free from any such difficulty. The defendants, as we have shown, are possessed of the most complete powers in this respect.

I am clearly of the opinion that the judgment of the court below is right and should be affirmed.

TAGGART, J., dissented from the foregoing conclusions.

All the other judges concurring,

Judgment affirmed.