HUTSON and wife *against* THE MAYOR &c. OF NEW York.— CARLIN and HARRIMAN *against* THE SAME.

*Corporation of New York; duty to keep streets in repair; liability for injuries caused by negligence.*

THESE actions were commenced in April, 1850, and both presented the same legal questions. In the first, a recovery was sought for injuries done to Mrs. Hutson by the falling of a carriage, in which she was riding, into a chasm made in the construction of the Harlem Railroad, in the 4th avenue of the city of New York. The second action was for injuries done to the horses and carriage.

The court decided, that the corporation of the city of New York is bound to keep the streets and avenues of the city, which are open for public use, in such repair

that they may be safely travelled; and when such streets or avenues are negligently suffered to become and remain out of repair, the corporation is liable for injuries sustained by persons, through such negligence.

In the present cases, the accident happened December 12, 1849, in the night, when it was very dark. It was proved that the excavation in the avenue (which was 35 or 40 feet deep) was made by the Harlem Railroad Company several years prior to the accident. That the space between the edge of the excavation and the curb stone, along the avenue, was from 6 to 12 feet wide, and the accident happened at the narrowest place, where there was a gully which rendered it dangerous for a carriage to pass. It appeared that the carriage was driven as closely as possible to the curb stone. The court charged the jury, "that the defendants were bound to keep and maintain the highway in good and sufficient repair, so that carriages could safely pass along; and if the jury were satisfied from the evidence that the defendants had failed to do so, and that the injury resulted from that cause, and without any negligence or want of care on the part of the driver of the carriage, the defendants were liable." The defendants' counsel excepted, and the plaintiffs recovered. The Court of Appeals affirmed the judgment.

(S. C., 5 Sandf. 289; 9 N. Y. 163.)