Cardozo, J.
The authority vested in the comptroller by section 7 of the act of June 3, 1868, is an imperative authority, which he is bound to exercise. It has been from early time a well-settled principle, that a power and authority conferred on a public officer, and relating to a public duty, is mandatory (see Mayor, &c. of N. Y. v. Furze, 3 Hill, 612).
The question in that case arose under an act which provided that it should he lawful for the mayor, &c., to do certain things relating to sewers, &c. Chief Justice Nelson said, “ This statute is one of public concern, relating exclusively to the public welfare ; and though permissive merely in its terms, it must be regarded, upon y;ell-settled rules of construction, as imperative and peremptory upon the corporation. When the public interest calls for the execution of the power thus conferred, the defendants are not at liberty arbitrarily to withhold it. *377 The exercise of the power becomes then a duty which the corporation are bound to fulfill.
In Wilson v. Mayor &c., of New York (1 Den., 595, 600), the court say, “ Although the language of the statute which confers on the defendants power to make sewers and drains is that of permission and not of command, yet in its nature it is plainly imperative (3 Hill, 614). . It is equivalent to an express enactment that it shall be the duty of the mayor, aldermen, &c., to make all needful sewers and drains in said city.”
In Hutson v. City of New York (5 Sandf., 289), the court quotes from the case in 3 Hill, the following among other remarks, “ The -inference deducible from the various cases on this subject seems to be that where a public body or officer has been clothed by statute with power to do an act which concerns the public interests, or the rights of third persons, the execution of the power may be insisted on as a duty, although the phraseology of the statute be permissive merely, and not peremptory.”
In 9 N. Y., 163, the court of appeals affirm the last mentioned decision.
In The People v. Supervisors of New York (11 Abb. Pr., 114), the general term of this district held to the same effect. There the tax levy “empowered” the supervisors to raise a sum not exceeding $80,000, to pay amount due to the contractors with the commissioners of record, and “authorized” the comptroller to pay the amount. Judge Sutherland, at special term, granted the mandamus, commanding the supervisors to exercise the power thus conferred upon them ; holding that the statute made it the 'duty of the board of supervisors to raise the amount by tax; and this decision was affirmed at the general term ; the court holding that “the act is imperative, leaving no discretion in the defendants whether they will exercise the authority conferred. Although the language of the act is simply enabling, yet, as it confers a power which concerns the public as well as individuals, it is not merely permissive, but is mandatory.”
Indeed, this rule is so well settled that it seems almost *378 superfluous, at this late day, even to refer to the authorities, which are familiar to every lawyer.
The mandamus must issue.