AUSBURN BIRDSALL, RESPONDENT, v. THOMAS J. CLARK, JAMES DILLON AND JOHN C. BOWERS, APPELLANTS.

*Street repairs — Binghamton — powers and duties of superintendent of streets in — want of appropriation for repairs, does not render him liable in trespass — Injury to plaintiff's property — not a question that can be considered by the court.*

The common council of Binghamton, having power to authorize the repair of streets, passed resolutions, approved by the mayor, to repair them in front of plaintiff's premises, the repairs to be completed by a certain date, which resolutions were served on plaintiff. There was no direction in them for the superintendent of streets (the defendant Clark) to do the work; but there was a previous general resolution of the common council, that the superintendent do the work, in accordance with the directions of the common council, unless the owner of the premises should cause the same to be done before the expiration of the time limited.

The plaintiff having failed to do the work in the time required, the superintendent, with others under him, proceeded to do it.

*Held,* that he could not be restrained on the ground that there was no direction for him to do the work, in the specific resolutions directing this work, to be done.

*Held,* further, that although the section of the charter which prescribes the duties of the superintendent, declares that he shall discontinue the repairs when the appropriation therefor should be exhausted, that this provision in no way abridges or restrains the authority of the common council to grade, repair and improve the streets and sidewalks of the city; nor does it authorize a third

party to treat the common council and the superintendent as trespassers, for proceeding to make and repair streets, for the expenses of which there has been no appropriation.

*Held*, further, that the fact that the plaintiff's property would be greatly injured by such work, could not be here considered by the court, as they were concluded by the action of the common council in that regard, such common council being vested with discretionary powers, involving judgment, in directing the improvement.

APPEAL from a judgment of the County Court of Broome county against the defendants, entered on the report of a referee.

The plaintiff was the owner of certain premises fronting the north side of Court street in the city of Binghamton. On the 29th July, 1873, the common council of the city passed a resolution, which was approved by the mayor, directing the setting of curb-stones along the north side of Court street, according to the established grade therein specified, to be completed on or before the twenty-fifth of August, then next. A copy of this resolution was served on the plaintiff on the 2d of August, 1873. On the twenty-ninth of September of the same year, the common council passed a resolution, also approved by the mayor, directing the sidewalk in the street in front of the plaintiff's premises to be graded, and the flagging to be raised and relaid, as therein specified, and to correspond with said curbing; all to be completed on or before the fifteenth of October then next. A copy of this resolution was also served on the plaintiff on the 2d day of October, aforesaid.

There was a standing resolution, passed by the common council on the 11th June, 1870, approved by the mayor, directing the superintendent of streets to grade and build the sidewalks, or cause the same to be graded and built, in accordance with the directions of the common council, unless the owner of the premises, in front of which the work was required, should cause the same to be done before the expiration of the time limited therefor. The plaintiff omitted to grade the sidewalk in front of his premises, as required by the aforesaid resolutions, whereupon the defendant Clark, who was superintendent of streets, proceeded to do so pursuant thereto, and employed the other defendants to assist him in the work. This action was brought to restrain them in that regard.

The referee held that the common council had the right to make and establish the grade of Court street, and to order and direct the

setting of the curb, and the grading and the relaying of the side-walk in front of the plaintiff's premises; but further held that the superintendent had no legal right or authority to do this work or cause it to be done, under the resolutions above mentioned, and directed judgment against the defendants for three dollars damages, and restraining them from further action in so far as would affect the plaintiff's premises.

Section 14, title 8 of the charter of the city of Binghamton, as amended by chapter 53 of 1870 (page 133), provides that the build-ing and maintaining in good order of all sidewalks, the grading, and setting of curbstones therefor, should be done at the expense of the premises in front of which they are required. * * * And whenever it shall become necessary to do any such work the com-mon council shall order it done within a time specified; and in case the said premises shall be in the actual possession of any person, such person, or the owner of the premises, shall be served with a notice, in which shall be stated, in general terms, what has been ordered to be done and the time within which it has been required. * * * If any work shall not be done within the time limited therefor the common council shall, by contract or otherwise, cause it to be done and assess the expenses thereof, with ten per cent addition, upon said premises or upon the owner thereof.

Section 14 of title 5 of the charter (chap. 291, 1867, page 611), provides that the superintendent of streets shall, under the common council, superintend all repairs and improvements upon the streets, crosswalks, sidewalks, gutters, * * * except as otherwise provided. He shall perform such other duties connected therewith as may, from time to time, be required by the common council. * * * Whenever the common council shall order any of the repairs or improvements to be made, or any of the work to be done specified in this section, they shall, in the resolution making such order, direct as to the time and manner of making such repairs or improvements or doing such work; and shall also make such appro-priation therefor as they shall deem necessary. When such appro-priation is exhausted the superintendent shall discontinue the repairs, improvements or work for which the same was made, etc.

By section 4 of chapter 28 of an ordinance of the common council defining the duties of certain officers, it is provided that "whenever

any resolution shall be passed by the common council directing any of the work to be done, the oversight of which the superintendent is charged with by the charter, he shall immediately obtain from the clerk a copy of such resolution and proceed to execute the same as therein required."

Judgment being entered the defendants appealed to this court.

*A. Birdsall,* in person.

*Scovill & De Witt,* for the defendants.

BOCKES, J.:

No question is made as to the authority of the common council to fix and determine the grade of streets and sidewalks of the city of Binghamton, and to direct the necessary work to carry out its orders in that regard. Nor is it denied that the common council may authorize the superintendent of streets to execute its lawful directions in constructing, grading and regulating the streets and sidewalks of the city. Such power and authority is expressly conferred by the city charter. So the referee held; but he decided further that the defendant Clark, as superintendent of streets, had no right or authority to do or cause to be done the work complained of, under the resolutions of the common council of July twenty-ninth and September twenty-ninth; or, in his own language, " no legal right or authority to do, or cause to be done the work *directed by said common council* by resolution of July 29th and September 29th, 1873; and that none of the defendants had the right to take up, grade or relay the plaintiff's sidewalk." The respondent seeks to justify this conclusion on two grounds: 1st. That no appropriation had been made for the work by the common council. And 2d. That there was no direction by the common council to the street superintendent " directing him to do this specific work, which the owner had neglected to do." It is a complete answer to the first ground above stated, that there is nothing in the charter or ordinances of the city requiring an appropriation to precede the grading and putting in order of streets or sidewalks on the direction of the common council. General power is given that body to direct the

work and to cause it to be done. This authority in the common council stands in full vigor, without qualification or restraint, as regards the question of justification for any action taken under it, growing out of the absence of an appropriation to meet the expense. In the section of the charter which prescribes the duties of the street superintendent, after defining his powers, among which is the superintending of all street repairs and improvements, it is declared that he shall discontinue the repairs, etc., when the appropriation therefor should be exhausted. This provision has application to the rights and duties of the superintendent; but in no way abridges or restrains the authority of the common council in its right and power to grade, repair and improve the streets and sidewalks of the city. It does not authorize a third party to treat the common council and the street superintendent as trespassers for proceeding to make and repair streets and sidewalks, for the expense of which work there has been no appropriation. The decision of the referee must be supported on the other ground put forward by the respondent, or it is without justification.

The next question is, whether there was a direction by the common council to the street superintendent to do the work complained of. It seems that there were resolutions of the common council fixing and determining the grade of the street, and directing the curbing, grading and flagging of the sidewalk in front of the plaintiff's premises, full and specific in all necessary particulars. It was now competent for the city authorities to proceed with the improvement, and to cause the sidewalk to be put in the condition authorized by the previous action of the common council. This duty devolved upon the street superintendent; and there was a standing or general resolution authorizing and directing him to proceed and execute the orders of the common council as to all such improvements. This resolution covered the case as well and effectually as if a special resolution had been adopted, subsequent to the plaintiff's omission to do the work, directing its performance by the superintendent. Whether or not the plaintiff could be charged with the expense, is quite another question. The resolution directing the improvement specified a time within which the work was to be done, and this, as well as the previous one fixing the grade, was duly served on the plaintiff, and he omitted to com-

ply with their requirements. Thereupon the work was assumed by the superintendent. But the question whether the proceedings were such as would bind the plaintiff to the payment of the expense is not before us. The question now is, whether enough was shown to protect the defendants against the charge that they were trespassers. Now in this case there was authority in the common council to authorize and direct the improvement. This was done by that body. The defendant Clark, as superintendent, had authority to carry such direction into effect. The other defendants acted under him as his agents or servants, and were justified and protected to the same extent as he was justified and protected, and by the view above taken of the case, the action of those parties had the sanction of law. They were not trespassers; hence the plaintiff established no cause of action against them.

We are not at liberty to take into consideration the alleged fact, that the plaintiff's property will be greatly injured by the work. We are concluded by the action of the common council in that regard. That body was vested with discretionary power, involving the exercise of judgment, in directing the improvement. However injurious to the plaintiff its action in that behalf may be, cannot be here considered. (1 Denio, 595; 20 Barb., 620; 26 id., 133; 38 id., 232.) Acts legally done, although injurious, give no right of action.

We are of the opinion that the judgment must be reversed.

Judgment reversed, with costs to abide the event, and, in accordance with the general rule, the reference is discharged.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment reversed, new trial ordered, costs to abide event; referee discharged.