EAST RIVER GAS–LIGHT COMPANY, APPELLANT, *v.* MICHAEL DONNELLY, JOHN J. MITCHELL AND OTHERS, RESPONDENTS.

*Public officers — are not civilly liable for an erroneous or corrupt performance of a judicial duty — the duty of awarding a contract to the lowest bidder is judicial.*

A clause in a city charter requiring city officers to award a contract "to the lowest responsible bidder giving adequate security," imposes a judicial duty upon them, for the erroneous or even corrupt performance of which they cannot be held responsible in a civil action brought by the party aggrieved.

APPEAL from a judgment, entered upon an order sustaining a demurrer interposed by all the defendants except Donnelly, on the ground that the complaint did not state facts sufficient to constitute a cause of action.

The action was brought by the plaintiff against the defendants, the aldermen of Long Island City, to recover damages for their failure to award to it the contract for lighting the said city; the plaintiff claiming to have been the lowest bidder, and that under the charter it was the duty of the defendants to award the contract to it.

*Homer A. Nelson,* for the appellant.

*J. Ralph Burnett,* for the respondents.

GILBERT, J. :

The duty imposed on the defendants by the charter of Long Island City was to award the contract in controversy " *to the lowest responsible bidder giving adequate security.*" (Laws 1871, chap. 461, tit. 11, § 29.) That duty was a judicial one. It involved the determination of questions of fact, and that determination could not be controlled or coerced. Nor are the defendants responsible civilly for an erroneous or even a corrupt performance of the duty. Public officers intrusted with the performance of such a duty, and having jurisdiction, are protected against liability for damages consequent upon errors committed by them in the performance of the duty. Neither malice nor corruption affords a ground for a civil action against them for such acts. ( *Wilson* v. *The Mayor*, 1 Den., 595; *Weaver* v. *Devendorf*, 3 id., 117; *Barhyte* v. *Shepherd*, 35 N. Y., 238.)

The cases cited on behalf of the plaintiff relate to the liability of public officers for nonfeasance or malfeasance in respect to the performance of ministerial duties. They have no application to a case of this kind. The rule of law which we have now laid down is well established in this State, although some contrariety of decision on the subject exists in other States.

The judgment must be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Order sustaining demurrer to plaintiff's complaint, and judgment entered thereon, affirmed, with costs.