THE PEOPLE OF THE STATE OF NEW YORK ex rel. WINFIELD S. OVER-
TON, Respondent, v. THE BOARD OF TRUSTEES OF THE VILLAGE OF
WHITESTONE, Appellant.

*Public officers — mandatory duties — village of Whitestone — vacancy in the office of
trustee — special election.*

Every citizen has a right to compel the performance, by public officers, of the
duty imposed on them of executing the law.

Where a public body is clothed by statute with power to do an act which the
public interests require should be done, the execution of the power may be
insisted on as a duty, though the statute conferring the power appears to be
only permissive in terms.

The provision of the charter of the village of Whitestone (Laws of 1869, chap.
199, tit. 2, § 8) that "in case of any vacancy in the office of trustees, * * *
it shall be in the power of those remaining trustees, or a majority of them, to
call a special election," is mandatory and requires the remaining trustees to
call a special election whenever a vacancy in the board occurs. A voter and
taxpayer of the village has a right to compel, by mandamus, the performance
by the village trustees of the duty imposed upon them of executing the above
statutory requirement.

APPEAL by the defendant, the Board of Trustees of the Village
of Whitestone, from an order of the Supreme Court, made at the
Kings County Special Term, on the return of an order to show
cause, and entered in the office of the clerk of Queens county on
the 29th day of April, 1893, directing the issuance of a peremptory
writ of mandamus commanding the board of trustees to call a spe-
cial election of the voters of the village of Whitestone to fill a
vacancy in the board.

The charter of the village of Whitestone (Laws of 1869, chap.
199, tit. 2, § 8) contains the following provision, " and in case of any
vacancy in the office of trustees or police justice, by death, resigna-
tion or otherwise, it shall be in the power of those remaining trustees,
or a majority of them, to call a special election, at such time, place,
and in such manner as they, or a majority of them, may prescribe,"
etc.

By chapter 133 of the Laws of 1885, supplementary to the vil-
lage charter, the board of trustees of the village is made to consist
of seven members.

*Benjamin W. Downing,* for the appellant.

*Alfred Mitchell,* for the respondent.

Pʀᴀᴛᴛ, J. :

This is a special proceeding against village trustees to compel them, by mandamus, to call a special election to fill a vacancy.

The relator is a voter and taxpayer of the village of Whitestone, Queens county, and the defendant is the acting governing body of said village, and consists of a board of seven trustees who were in office on and prior to January 18, 1893, when one of them, August M. Graue, then resigned his said office, and the vacancy thereby created existed when this proceeding began.

This proceeding was commenced by the granting, on the *ex parte* application of relator's counsel, upon the affidavits of himself and the relator, on April 18, 1893, of an order requiring defendant to show cause why a peremptory mandamus should not issue commanding it to forthwith call a special election to fill said vacancy. Defendant appeared by counsel, and opposed said motion, admitting the foregoing facts, but contending that the power given was discretionary, and that they wished to save the expense of election.

It is well settled in this State that every citizen has a right to compel the performance by public officers of the duty imposed on them of executing the law. (*People ex rel. Boltzer* v. *Daley,* 37 Hun, 461, and cases there cited.)

There being no disputed facts, a pure question of law was raised making it the duty of the judge below either to deny the application or grant a peremptory mandamus.

The question is whether the law which provides that there shall be seven trustees of the village is permissive or mandatory. Reason and authority seem to indicate very strongly that it is mandatory. If it is discretionary, as members of the board of trustees drop out, whether to call an election or not, they might thus be reduced to one man and the representative character of the government destroyed. The power is conferred to call a special election in such a case and we think it is mandatory.

Where a public body is clothed by statute with power to do an act which the public interests require to be done, the execution of the power may be insisted on as a duty though the statute confer-

ing the power appears to be only permissive in terms. (*Hutson* v. *Mayor of New York,* 9 N. Y. 163, following 3 Hill, 612; *People ex rel. Raymond* v. *Connolloy,* 4 Abb. [N. S.] 376; *People* v. *Supervisors,* 51 N. Y. 401.)

The order must be affirmed, with costs and disbursements.