EBBETS et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. March 9, 1906.)

MUNICIPAL CORPORATIONS—SEWERS—NEGLIGENCE—EVIDENCE.

The fact that water from a sewer passed into plaintiff's cellar through a drain, not equipped with a trap to exclude water, and on nearly the same level as the sewer, during an unusual rainstorm, did not cast upon the city the burden of disproving any negligence on its part.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Charles H. Ebbets and others against the city of New York. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and MILLER, JJ.

James D. Bell (James T. O'Neill, on the brief), for appellant.
Frank B. York, for respondents.

MILLER, J. The plaintiffs have recovered a judgment for injuries to property resulting from the flooding of their cellar, caused by water backing up from the sewer through the house connections and into the cellar through open drains imbedded in the floor and supplied with traps to prevent the entrance of foul air, but not of water, although traps which would have made the entrance of water impossible were practicable and in use. It does not clearly appear what the relative levels of the sewer and the drains were; but it is fairly inferable that the drains were nearly on a level with the sewer, as one witness for the

plaintiffs describes the drains as being of a "very low elevation." A rainstorm had been in progress, and during seven hours there had been a total rainfall of 2.97 inches, and at one time during the morning when the flooding appears to have occurred rain fell at the rate of four inches per hour. The sewer in question drained an area of about 3.6 acres, and had a capacity of one inch of rainfall per hour, and it was claimed that this would accommodate a rainfall of two inches per hour; it being explained that the other inch would be disposed of by evaporation and percolation. It was not claimed that the defendant had negligently suffered an obstruction to exist in the sewer; but the plaintiffs' theory appears to have been that the defendant was negligent in not having provided a sewer of sufficient capacity to provide for such a rainfall as occurred, without causing the water to back up through the house connection into the plaintiffs' premises in the manner in which it did. It is claimed that upon one prior occasion there had been a slight overflow from the drains in the plaintiffs' cellar, but not of sufficient amount to cause any damage, and it is not claimed that the defendant had any notice or knowledge thereof.

Different conditions require the application of different principles in these so-called sewer cases, and the following propositions may be stated as firmly established by authority: The duty of providing sewerage and drainage is quasi judicial, and in determining the necessity, location, capacity, etc., the officers upon whom the duty is imposed are required to exercise judgment and discretion, and no action lies at the instance of an individual for damages based upon either a failure to act or an error of judgment in acting. Wilson v. Mayor, etc., of New York, 1 Denio, 595, 43 Am. Dec. 719; Mills v. City of Brooklyn, 32 N. Y. 489; Lynch v. Mayor, 76 N. Y. 60, 32 Am. Rep. 271. This principle, however, cannot be extended so as to grant immunity to municipalities for acts which result in the invasion of private property or the creation of public or private nuisances, and for a trespass or a nuisance committed by it such municipality must respond the same as any individual. Seifert v. City of Brooklyn, 101 N. Y. 136, 4 N. E. 321, 54 Am. Rep. 664, containing a careful review of the authorities by Ruger, C. J.; Clark v. City of Rochester, 43 Hun, 271; Magee v. City of Brooklyn, 18 App. Div. 22, 45 N. Y. Supp. 473; Byrnes v. City of Cohoes, 67 N. Y. 204; Ahrens v. City of Rochester, 97 App. Div. 480, 90 N. Y. Supp. 744. Having determined upon a plan, the municipality then becomes liable for negligence either in construction or in care and maintenance. Mayor v. Furze, 3 Hill, 612; Barton v. City of Syracuse, 36 N. Y. 54; McCarthy v. City of Syracuse, 46 N. Y. 194; Smith v. Mayor, 66 N. Y. 295, 23 Am. Rep. 53. It seems clear that the rule applicable to the case at bar is that stated in Smith v. Mayor, supra, and that in the absence of some proof to support a finding of negligence the plaintiffs cannot succeed. This is not a case where the mere happening of the event cast the burden of explanation upon the defendant. Obviously, under normal conditions, there will be times when some backing up of water in the sewers will occur, and the mere fact that an overflow occurs from a drain not equipped with a proper trap, on nearly the same level as the sewer, during an unusual rainstorm, is not sufficient to cast the burden on the defendant of disproving any negligence on its part.

Instead, it tends to establish negligence on the part of the plaintiffs in thus constructing a drain. We may assume that the defendant is required to exercise ordinary care to guard against an overflow from sewers through house connections, and yet the law is not so unreasonable as to impose a liability in a case disclosing fault on the part of the plaintiffs, but none on the part of the defendant.

The judgment of the Municipal Court should be reversed, and a new trial ordered, costs to abide the event. All concur.