(119 App. Div. 60)

#### McKENZIE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. April 19. 1907.)

MUNICIPAL CORPORATIONS—SEWERS—NEGLIGENCE—EVIDENCE.

Where plaintiff claimed damages for the flooding of his premises by a city sewer, evidence that premises in the neighborhood, drained by a different system from that with which the plaintiff's premises were connected, had been often flooded, was insufficient to show any negligence of defendant affecting plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1799.]

Appeal from Trial Term, Kings County.

Action by James McKenzie against the city of New York. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

James D. Bell (John J. Kean on the brief), for appellant.
Edward J. McCrossin, for respondent.

MILLER, J. The action is for damages to personal property caused by an overflow from one of the defendant's sewers. The plaintiff had judgment. It appears that the water backed up through the house connection and entered the cellar through an opening in the floor eight feet below the curb. The plaintiff testified that the water

had not entered the cellar before during the year that he had oc-
cupied the premises. Two witnesses who occupied property in the
neighborhood testified that their premises had been flooded on prior
occasions by water entering through the house connections and from
the manholes in the street, and a former assistant engineer of the de-
fendant testified that the sewers had overflowed in that neighborhood
during heavy rainstorms; but it is undisputed that the territory con-
cerning which said witnesses testified was drained by what was termed
the "Wallabout system," and that the plaintiff's premises were con-
nected with an entirely different system. There is, therefore, no evi-
dence upon which to base a finding of negligence in any way affecting
the plaintiff, and the decision of this court in Ebbets v. City of New
York, 111 App. Div. 364, 97 N. Y. Supp. 833, is controlling.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All
concur.