MICHAEL A. CRAGE, Plaintiff, *v.* CITY OF BUFFALO, Defendant.

Supreme Court, Erie County, June 29, 1933.

*John J. Carlo [Frank A. Miceli* of counsel], for the plaintiff.

*Charles L. Feldman, Corporation Counsel [Bart J. Shanahan* of counsel], for the defendant.

HARRIS, J. The plaintiff is the owner of certain parcels of real estate located on the east side of Dante place in the city of Buffalo between Commercial and Erie streets. Such premises run back to the west bank of what was at one time the Erie canal. For many decades prior to the year 1925 the State of New York maintained the said Erie canal as a body of water for public transportation purposes. During a great part of the maintenance of such canal by the State, the premises now owned by the plaintiff and all the other premises on the same side of Dante place passed their sewage directly from the buildings into the canal. During such period there was no sewer in Dante place and there was no other means of sewerage from such premises. Although the State permitted such use of the canal, the persons so using the same had no right of easement by prescription. (State Const. art. 7, § 8; *Burbank* v. *Fay,* 65 N. Y. 57.)

The State is not prohibited from abandoning canal land which has ceased to be used for canal purposes (Canal Law [Laws of 1909, chap. 13], § 15), and after such abandonment occurs, the property still belongs to the State, although the Commissioners of the Land Office may make disposition thereof. (Opinions Attorney-General, 1900, p. 128; Canal Law [Laws of 1909, chap. 13], art. 3, § 15.) Pursuant to such authority and by letters patent recorded in the

Erie county clerk's office in liber 1794 of Deeds beginning at page 317 and under date of June, 1925, the State conveyed to the city of Buffalo, among other parcels, that portion of the canal into which the premises now owned by the plaintiff had sewered. Such letters patent required the city of Buffalo to fill in such abandoned canal lands as were transferred to the city, and made no provision for the sewerage from the premises on the side of the canal on which the plaintiff's property is located but did provide that the city should create sewerage facilities for premises abutting on the opposite side of the canal. Therefore, such letters patent did not place upon the city of Buffalo any contractual duty with the State to provide sewerage for the premises on the plaintiff's side of the canal. In the year 1926 the city began to fill in the property formerly canal lands between Commercial and Erie streets and such work continued until the month of June, 1931. During all of such work of filling in, the premises now owned by the plaintiff, and the premises adjoining thereto on the same side of the street, continued to deposit sewage in the old canal bed. The plaintiff did not purchase such premises until June, 1928. The method of filling in the old canal bed by the city was as follows: Clean debris and other material were obtained from various sources, including dirt removed for building projects and such debris was first dumped on the middle line of the old canal bed and spread from such middle line toward the sides; at each side of the abandoned land there was left a narrow channel which continued to be there until the year 1931. There were certain waters running through such channel coming either from seepage or from surface accumulations and such waters had a fair current. However, the solids of the sewage that continued to come into such channel from the adjoining premises (including those now owned by the plaintiff) accumulated from time to time. At fairly frequent intervals the city made an effort to move such solids along with the current of water, but such effort was not entirely successful, and toward the year 1928, and until the completion of the work of filling in the old canal bed by the city, sufficient of such solids remained in the channel on the plaintiff's side of the canal as to create noxious odors. Such odors became more pronounced after the plaintiff took title to and possession of his premises. The smells finally became so bad that, on account of the same, tenants moved from the plaintiff's premises and on account of such removals plaintiff suffered a loss of rentals from the time he took title to the completion of the work by the city to the amount of $1,250. It is for the loss so sustained that he brings this action. The court is convinced that the city proceeded with its work with expedition and in no unsightly or negligent

manner. During the greater part of the time that the city was filling in this portion of the abandoned canal lands, various projects were advanced for the placing of a sewer in Dante place to take care of the sewage from the premises on the plaintiff's side of the street, but, due to protests of landowners and changes of plan, the city did not establish such sewer in Dante place until about the 1st day of June, 1931.

There was no duty on the part of the city to provide drainage for the plaintiff's premises or those of the adjoining owners. (*Ebbetts* v. *City of New York*, 111 App. Div. 364; *Wilson* v. *Mayor, etc., of New York*, 1 Den. 595; *Mills* v. *City of Brooklyn*, 32 N. Y. 489; *Lynch* v. *Mayor, etc., of New York*, 76 id. 60.) But if the municipal corporation determines upon a plan of sewerage and puts such plan into effect, then the municipality becomes liable for damages resulting from improper construction or maintenance and care of such work. (*Ebbetts* v. *City of New York*, 111 App. Div. 364; *Barton* v. *City of Syracuse*, 36 N. Y. 54; *McCarthy* v. *City of Syracuse*, 46 id. 194; *Smith* v. *Mayor of City of New York*, 66 id. 295; *Seifert* v. *City of Brooklyn*, 101 id. 136; *Byrnes* v. *City of Cohoes*, 67 id. 204.)

The contention of the plaintiff herein is that in leaving the channel on the side of the canal bed into which the plaintiff's premises sewered, the city was providing sewerage and draining facilities for such premises. This court is of the opinion that that was not the function of such channel. The creation of the channel was merely an incident of the filling in of the canal and gave to the adjoining owners an opportunity to make use of such channel if they desired while such channel existed. The plaintiff and the adjoining landowners if they desired to have sewerage facilities could have co-operated in the earlier adoption of a plan by the city for the establishment of a sewer in Dante place and in the meantime could have used septic tanks or other devices to protect occupants of premises along the canal from the noxious effects of the sewage coming from such premises. The plaintiff, by making use of such channel and depositing therein the offensive material while construction was going on, aided in causing the situation of which he now complains, and cannot claim that the defendant was the cause of damage to him.

In view of this, the court holds that the plaintiff has established no cause of action against the defendant and that the defendant is entitled to judgment dismissing the complaint herein.