ANDREW SMITH, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

A municipal corporation can only be made liable for damages resulting from the overflow of a sewer upon proof of some fault or neglect upon its part, either in the construction of the sewer or in keeping it in proper repair.

In case there is no fault in the construction of the sewer, and the damage is caused by any obstruction therein, it is necessary to show neglect to remove the obstruction after notice of its existence, or some omission of duty upon the part of the municipal officers in looking after it and preventing obstructions.

During, or just after, an unusually heavy shower, a sewer in one of defendant's streets overflowed and flooded plaintiff's premises. In an action to recover damages, it appeared that the overflow was caused by a stoppage of the sewer with sand, etc., washed in from the streets. There was no proof of any prior obstruction, or of any defect in the construction of the sewer. *Held,* defendant was not liable.

(Argued May 22, 1876; decided May 30, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department affirming a judgment in favor of defendant, entered upon a verdict. (Reported below, 4 Hun, 637.)

This action was brought to recover damages alleged to have been sustained by plaintiff by reason of the stoppage and overflow of a sewer in one of defendant's streets, flooding plaintiff's premises.

The referee found, in substance, that the overflowing of the sewer and flooding of plaintiff's premises was caused by the stoppage of the sewer with sand, dirt and refuse matters washed in from the streets; that at, or just before, the time of the overflow there was an unusually heavy shower; that there was no proof of any knowledge, on the part of the defendant, of any defect or bad condition of the sewer prior to the occurrence, or of any notice to it of such condition.

Further facts appear in the opinion.

*Henry Parsons* for the appellant. No notice to defendant of the defective condition of its sewers was necessary to fix its liability for damages caused thereby. (*McCarthy* v. *Syracuse*, 46 N. Y., 197.)

*D. J. Dean* for the respondent. The obstruction not having been occasioned by any act or neglect of defendant, it is not liable without notice, actual or constructive. (S. & R. on Neg., § 147; *Hunt* v. *Brooklyn*, 36 Barb., 226; *McGinty* v. *Mayor*, 5 Duer, 674; *Mayor* v. *Sheffield*, 4 Wal., 189; *Griffin* v. *Mayor*, 9 N. Y., 456; *Huson* v. *Mayor*, id., 163.)

ALLEN, J. The defendants can only be made responsible to the plaintiff for the damage sustained by him by reason of the overflow of the sewer into his cellar and upon his premises, upon proof of some fault or neglect on their part, either in the construction of the sewer or in keeping it in proper repair. It is claimed that there is some evidence that the sewer was not properly graded, but the evidence is very slight, and the referee has not found the fact, nor was he requested to find that the sewer was not of proper dimensions, well and properly constructed and upon the right grade. We are not at liberty to consider any facts except those found by him. It is found upon sufficient evidence that the overflow was caused by a stoppage of the sewer with sand, dirt and refuse matter washed in from the street, and that at or just before the flooding of the plaintiff's premises, there was an unusually heavy shower of rain. There is no proof of any obstruction before that time. There being no fault in the construction of the sewer, causing the overflow, it was incumbent upon the plaintiff to show a neglect by the defendants to remove the obstruction after notice of its existence, or some omission of duty on the part of the city officers in looking after it and seeing that no obstruction occurred. There was no evidence and there is no finding that the sewer was liable to become obstructed under ordinary circumstances, so as to require the watch and care of the officials to prevent its becoming filled

·and choked with the wash of the street, or that it had been obstructed for any time and under circumstances from which it might be assumed that the officers of the city did know, or ought to have known the fact. The city does not insure the ·citizen against damage from works of its construction, but is only liable, as other proprietors, for negligence or willful mis-conduct. The principles upon which municipal corporations are held liable for damages occasioned by defects in streets and sewers and other public works, are well settled by numer-ous cases, and the liability is made to rest, in any case, upon some neglect or omission of duty. (*Barton* v. *Syracuse*, 37 Barb., 292; S. C., 36 N. Y., 54; *Griffin* v. *Mayor, etc., of New York*, 5 Seld., 456; *McCarthy* v. *Syracuse*, 46 N. Y., 194; *Nims* v. *Troy*, 59 id., 500.)

The plaintiff failed to make a case entitling him to recov-ery, and the judgment must be affirmed.

All concur.

Judgment affirmed.