(6 Misc. Rep. 583.)

### LYNCH v. CITY OF BUFFALO.

(Superior Court of Buffalo, General Term.　February 2, 1894.)

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—NOTICE OF DEFECT.

　　Notice to a city of a defect in a sidewalk may be inferred from the length of time the defect has existed.

Appeal from trial term.

Action by Charles W. Lynch against the city of Buffalo to recover damages for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before TITUS, C. J., and WHITE, J.

George M. Browne, for appellant.

George W. Cothran, for respondent.

TITUS, C. J. This action was brought by the plaintiff to recover damages for an injury which he received from a defective sidewalk while passing along a street. I do not think there is any

ground for disturbing this verdict. Several objections were made to the admission of evidence showing the condition of this sidewalk before the plaintiff received his injury. It was incumbent upon the plaintiff to show the defective condition of the sidewalk, and that the city had notice of such condition, before he could recover damages for an injury received by reason of it. No proof was given that the defendant had direct notice; but that was not necessary. It was sufficient to show that the sidewalk had been in its then present condition for a time preceding the accident, (Smith v. Mayor, etc., 66 N. Y. 295; Rehberg v. Mayor, etc., 91 N. Y. 137; Pomfrey v. Village of Saratoga Springs, 104 N. Y. 459, 11 N. E. 43,) when the city was bound to take notice of its defective condition, and put it in a reasonably safe condition of repair; and, if it failed to do so, it is chargeable with negligence. We think the evidence was sufficient to submit to the jury this question. No other objection was taken, and the record discloses no ground for granting a new trial. The judgment and order appealed from should be affirmed, with costs.