(116 App. Div. 812)

### HOLZHAUSEN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. January 18, 1907.)

MUNICIPAL CORPORATIONS—SEWERS—UNUSUAL RAINFALL—LIABILITY OF CITY.
    A city was not liable for damages resulting from the insufficiency of a sewer to carry away the water of an unprecedented rainstorm, whose fall almost equaled one-fourth of the annual rainfall in that vicinity.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1779.]

    Woodward, J., dissents.

Appeal from Trial Term, Kings County.

Action by Herman Holzhausen against the city of New York. From a judgment for plaintiff, defendant appeals. Reversed and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

James D. Bell (John J. Kean, on the brief), for appellant.
Benjamin F. Norris, for respondent.

JENKS, J. The defendant appeals from a judgment against it in an action for damages to personal property from the overflow of the defendant's sewer. A jury was waived, and the court found that for a period of two years previous to the 13th day of November, 1903, and five or six times every year, during storms the sewers maintained by the defendant were insufficient to carry off the large quantities of waters and refuse that had been collected by the defendant throughout said sewer district and emptied into said lateral and

main sewers, causing said sewers to become choked so as to flood the streets, and casting upon plaintiff's said premises the water, refuse, and sewage matter gathered by the defendant, and that for a period of two years previous to said 13th day of November, 1903, and during and after every large storm throughout said district, and in the immediate vicinity of plaintiff's said premises, through the negligence of the defendant, the refuse, sewage matter, and water collected by the defendant and emptied into its main and lateral sewers caused said sewers to back up and throw their contents out upon the streets and into adjacent houses and stores, flooding the cellars and basements thereof, and notwithstanding these conditions the defendant negligently and carelessly failed to remedy said condition; and, as a conclusion of law, that by reason of the acts aforesaid defendant was guilty of negligence, and was, and now is, liable in damages for the losses sustained by the plaintiff during said period of two years previous to the 13th day of November, 1903. This case does not show that the damages were due to the conditions and consequences found by the learned court, and which are the basis of its finding of negligence. It appears that the damages were due to the single instance of the water coming through the closet and the sink, due to an excessive, exceptional, and, so far as the municipal records show, unprecedented rainstorm, whose fall almost equaled one-fourth of the annual rainfall in the vicinity. We have lately discussed the question of municipal liability in such cases in Ebbets v. City of New York, 111 App. Div. 364, 97 N. Y. Supp. 833, opinion by Miller, J., and it is unnecessary to enter upon a further general discussion.

All that the evidence shows is that this water flowed up through the closet and sink under this exceptional rainstorm. The city is not bound to provide against extraordinary and excessive rainfalls. Abbott on Municipal Corporations, vol. 3, pp. 22, 31; Jones on Negligence of Municipal Corporations, p. 272, note; Smith v. Mayor, 66 N. Y. 296, 23 Am. Rep. 53. In O'Donnell v. City of Syracuse, 184 N. Y. 1, 14, 76 N. E. 738, 3 L. R. A. (N. S.) 1053, Gray, J., writing for the court, in comment upon Mills v. City of Brooklyn, 32 N. Y. 495, says:

"In deciding adversely to the claim of the plaintiffs for damages, it was held that 'the duty of draining the streets and avenues of a city or village is one requiring the exercise of deliberation, judgment, and discretion. It cannot, in the nature of things, be so executed that in every single moment every square foot of the surface shall be perfectly protected against the consequences of water falling from the clouds upon it. The duty is * * * of a judicial nature; for it requires the qualities of deliberation and judgment. It admits of a choice of means and of the determination of the order of time in which improvements shall be made.'"

The judgment is reversed and a new trial is granted, costs to abide the event. All concur except WOODWARD, J., who dissents.