(55 Misc. Rep. 259)

### JUDAS v. CITY OF NEW YORK.

(Supreme Court, Appellate Term. June 27, 1907.)

MUNICIPAL CORPORATIONS—TORTS—DEFECTS IN SEWERS AFTER CONSTRUCTION—LIABILITY FOR DAMAGE.

In an action against a city for damages to goods in a cellar, alleged to have been caused by flooding on account of negligence of the defendant in allowing a sewer pipe connected with the premises to remain unsafe, where it was not shown that the city had any notice of the defects in the sewer, nor that there was any defect in its construction, or any obstruction which the city authorities could remove after notice, but the sole cause of the damage was an overflow from an unusual flood, the city was not liable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1782.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Lewis Judas against the city of New York. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Abraham Nelson, for appellant.

William B. Ellison (Theodore Connoly and Thomas F. Noonan, of counsel), for respondent.

PER CURIAM. This case was tried before the court without a jury. The complaint was for damages to personal property, and the answer a general denial. Plaintiff claims that the goods were damaged by the negligence of the defendant in allowing a sewer pipe con-

necting the premises to remain unsafe, causing the cellar where the goods were stored to become flooded with sewerage.

A careful reading and study of the testimony compels the conclusion that the city of New York was not liable, as no negligence was established against it. No notice, actual or constructive, of the alleged defective condition of the sewer, was shown, nor of any obstruction which the city authorities could remove or relieve after either actual or constructive notice. The cases of Smith v. Mayor, 66 N. Y. 295, 23 Am. Rep. 53, and Ebbets et al. v. City of New York, 111 App. Div. 364, 97 N. Y. Supp. 833, sustain the judgment rendered by the trial justice upon the evidence taken in the case and upon which his determination was made.

The plaintiff relies upon the recently decided case of Gravey v. City of New York, 117 App. Div. 773, 102 N. Y. Supp. 1010. Upon a careful analysis of this case, and applying the facts of the case at bar to the decision in the Gravey Case, we are of the opinion that it does not affect the determination of this case. The closing words in the Gravey Case, at page 775 of 117 App. Div., page 1012 of 102 N. Y. Supp., are:

"But in any event this did not present the mere feature of flooding of plaintiff's premises by the sewer, but a break in the sewer, and a consequent flooding."

In the Gravey Case the plaintiff gave testimony that there was a break in the sewer, and that the flooding was in consequence thereof. In the case at bar there is no evidence of any break in the sewer, or of improper maintenance, or of neglect after notice of any defect. In the case at bar it was shown that the sole cause of the damage was an overflow, resulting from a flood which was unusual, and the like of which had not happened for years before; no defect in the construction or maintenance of the sewer being shown.

Furthermore, for the city, it was proven that no complaint had ever been at any time made as to this sewer being in an improper condition or out of repair. The city's proof showed that forthwith, upon being apprised of the flood, it caused its employés to ascertain and remove the cause which brought about the overflow, and that in the progress of the work they did not discover any defect in the construction or maintenance, but found an obstruction which was readily removed, and the water flowed as usual within a couple of hours. Because of the differentiation in the facts in the case at bar and the Gravey Case, and especially for the reason that in the Gravey Case no explanation or testimony was given on behalf of the city, upon which comment is made in the opinion of the court, we do not think the doctrine there laid down is controlling in the case at bar.

Judgment affirmed, with costs.