### BEYER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

MUNICIPAL CORPORATIONS (§ 839*)—SEWERS—DEFECTS.

> A city was not liable for the overflowing of a sewer into plaintiff's premises, where the backing up of the sewage was caused by a stoppage of sticks used by children playing in the street, where it did not appear how long the stoppage had existed, so that any reasonable inspection would have revealed the obstruction.

> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1789; Dec. Dig. § 839.*]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Sally Beyer against the City of New York. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

James D. Bell (J. W. Johnson, on the brief), for appellant.

Alexander Rosenbaum, for respondent.

JENKS, J. The obligation upon the defendant was due care to prevent the overflow of the sewer through the house connection of plaintiff's premises. The evidence does not show that there was fault in the construction of the sewer, or negligence, either in the omission to remove the obstruction which caused the overflow, after notice thereof, actual or constructive, or in the inspection of the sewer system. The evidence indicates that the "backing up" of the sewage was caused by a stoppage of sticks used by children when in the street at play in the game of tip cat. It does not appear how long this stoppage had existed, and consequently that any reasonable inspection, such as could be exacted by the most rigid rule imposed upon a municipality in charge of so great a system, could have revealed the obstruction. The overflow was an isolated instance.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

I think that the judgment should be reversed and a new trial be ordered, costs to abide the event, on the authority of Smith v. Mayor, 66 N. Y. 295, 23 Am. Rep. 53. All concur.