AGNES C. STACK, Plaintiff, *v.* THE CITY OF NEW YORK and Another, Defendants.

City Court of New York, Bronx County, May 14, 1929.

*Arnstein & Levine* [*Sidney C. Levine* of counsel], for the plaintiff.

*Arthur J. W. Hilly* [*C. C. Marrin* and *E. A. Gobel* of counsel], for the defendant The City of New York.

*Julius D. Tobias,* for the defendant Goodhouse.

DONNELLY, J. The complaint against the defendant Goodhouse merely sets forth that the building on the premises was constructed, maintained and permitted to remain below the grade of the street, to his knowledge, and that said defendant, aware that the sewers were insufficient to carry off and discharge the sewage collected by them and that said drains and sewers were built of insufficient capacity, strength and durability, withheld that fact from the plaintiff at the time of renting the premises to her and at the time of putting her into possession of said premises. I fail to see how these allegations state any cause of action against the defendant Goodhouse on any theory. Under the terms of the lease, the defendant Goodhouse surrendered complete control of

the premises to the tenants during the term of the lease and could only resume possession and control before the expiration of the term in the event of the tenants' default in the payment of the rent. In these circumstances and in the absence of any evidence of fraud, or of an express warranty or covenant on the part of the landlord to repair, the defendant Goodhouse cannot be held liable. (*Jaffe* v. *Harteau*, 56 N. Y. 398, 401; *Watson* v. *Almirall*, 61 App. Div. 429; *Prahar* v. *Tousey*, 93 id. 507, 509, 510.)

No evidence was offered by the plaintiff in support of the allegations of her complaint to show any negligence by the city in the construction or in the maintenance of the sewer or of the drain pipe, or that any sewage was discharged from the sewer onto the plaintiff's premises, or that the overflow which caused the damage was due to obstruction by foreign matter in the sewer or in the drain pipe. The evidence shows that on August 1, 1927, there was a very heavy fall of rain which lasted about seven hours and that the rain flowed over the gutter, across the sidewalk and into plaintiff's premises. In the street on which the building in which plaintiff resided abutted, there was a sanitary sewer to carry off the sewage from sinks and toilets, and a drain pipe for the disposal of rain water. In the opinion of the engineer in the employ of the sewer department of the borough of The Bronx, who was called by plaintiff, this drain pipe was adequate for the ordinary drainage of surface water. Plaintiff contends that the repetition of overflows during heavy rain storms on occasions prior to August 1, 1927, is sufficient to indicate that the drainage system in the neighborhood of plaintiff's premises was inadequate and, therefore, that the city was negligent in not providing a drainage system capable of carrying off the overflow. The duty of providing sewerage and drainage is *quasi*-judicial, and in determining the necessity, location, capacity, etc., the officers upon whom the duty is imposed are required to exercise judgment and discretion, and no action lies at the instance of an individual for damages based upon either a failure to act or an error of judgment in acting. (*Ebbets* v. *City of New York*, 111 App. Div. 364, 365, and cases cited.) This case is not like that of *Seifert* v. *City of Brooklyn* (101 N. Y. 136), where, in despite of the fact that soon after the main sewer was installed, its actual use demonstrated that it was insufficient to carry off the sewage turned into it, and, for nearly ten years previous to the trial, inundations occurring as often as eight or ten times a year, commenced and increased in severity as new lateral sewers were built and attached to the main trunk. Sewage was forced through the manholes and flooded the district in which plaintiff resided, inflicting serious injury to his property. It was held that the city having, by the exercise of its power,

created a private nuisance on plaintiff's premises, had incurred a duty of adopting such measures as should abate the nuisance, and having the power to perform it, its omission to do so rendered it liable. In the instant case no evidence whatever was offered by plaintiff that any sewage came into her premises, or that the drain pipe which was intended to carry off the ordinary drainage of surface water and which plaintiff's own witness testified was adequate for such purpose, was not properly constructed or that it was not properly maintained. Hartman, the engineer in the sewer department who was called by the plaintiff, testified that he had not personally inspected the drain pipe, and that stone drains and pipe drains are likely to be stopped up occasionally where there are rubbish or leaves carried through them. But that is as far as this witness went. The city, in constructing sewers, is not bound to provide for extraordinary and excessive rainfalls, and it is not liable because, at a period of unusual and extraordinary rainfall, the sewers backed up and flooded private property. (*Holzhausen* v. *City of New York*, 116 App. Div. 812; *Punsky* v. *City of New York*, Nos. *1 & 2*, 129 id. 558, 560.) To hold the city liable, there must be proof of negligence in construction or maintenance. (*Smith* v. *Mayor, etc.*, 66 N. Y. 295; *Beyer* v. *City of New York*, 141 App. Div. 679; *Judas* v. *City of New York*, 55 Misc. 259.)

Verdict for defendants. Exception to plaintiff. Ten days' stay of execution and thirty days to make and serve case allowed.