■ JOAN CUSAMANO, Respondent, v CHARLES CUSAMANO, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Ferraro, J.), entered June 4, 1985, as (1) directed him to pay the plaintiff wife the sum of $5,000 for her pendente lite counsel fees and (2) denied his motion for exclusive occupancy of the marital premises.

Order affirmed, insofar as appealed from, with costs.

Under all of the circumstances of this case, we are disinclined to reverse or modify Special Term's order. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.

■ ARTHUR T. DAVIDSON et al., Appellants, v HA IL-BO, Respondent.—In a negligence action to recover damages for personal injuries and property damage, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Gagliardi, J.), dated June 3, 1982, which granted the defendant's motion to vacate a default judgment entered against him and (2) a purported judgment of the same court, dated May 17, 1983, which, upon a jury verdict in the plaintiffs' favor on the issue of liability only and a jury verdict finding that the plaintiffs had not been damaged, allegedly dismissed their complaint.

Appeal from the purported judgment dismissed.

Order affirmed.

Defendant is awarded one bill of costs.

We have reviewed the plaintiffs' contentions with respect to the order dated June 3, 1982 and find them to be without merit.

The purported judgment is merely an extract of the clerk's minutes of trial and is not a judgment. No appeal lies from an extract of the minutes of trial. We note, however, that even if the paper in question had been an appealable judgment, we would nevertheless have dismissed the appeal therefrom on the ground that the plaintiffs have failed to order and settle the transcript of the trial as required by CPLR 5525 (a) (see, Perry v Tauro, 21 AD2d 804), and this case does not fall within the exception (set forth in CPLR 5525 [b]) to the rule requiring that the entire record of the proceedings be transcribed. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.