■ ELAINE WILSON et al., Appellants, v SCHINDLER HAUGH-TON ELEVATOR CORP., Respondent and Third-Party Plaintiff-Respondent. LYDIA E. HALL HOSPITAL, Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) a purported order of the Supreme Court, Queens County (Hyman, J.), dated February 8, 1984, which states that the plaintiffs' complaint was dismissed after the completion of his trial counsel's opening statement, and (2) a judgment of the same court, entered March 28, 1984, which, upon the motion of the defendant and third-party plaintiff at the completion of the plaintiffs' opening statement to the jury, dismissed their complaint.

Appeal from the purported order dismissed. The order is actually a clerk's extract of the trial minutes, which is not an appealable paper (see, CPLR 5512 [a]; Davidson v Ha Il-Bo, 117 AD2d 776); in any event, the judgment supersedes the purported order (see, Matter of Aho, 39 NY2d 241, 248), and the issues raised on appeal from the purported order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Judgment reversed, on the law, and a new trial granted.

The plaintiffs are awarded one bill of costs, payable by the defendant and third-party plaintiff.

The Court of Appeals has stated that a dismissal based upon the plaintiffs' opening statement cannot be sustained unless it is established that "the counsel stating the case to the jury deliberately and intentionally state[d] or admit[ted] some fact that, in any view of the case, [was] fatal to the action" (Hoffman House v Foote, 172 NY 348, 351).

In the instant case, the plaintiffs' complaint set forth a valid cause of action based upon the alleged negligence of the defendant. Nothing in the opening statement by the plaintiffs' counsel precluded them as a matter of law from establishing their cause of action by reliance upon the doctrine of res ipsa loquitur (see, Smith v Jay Apts., 33 AD2d 624, lv denied 26 NY2d 609), or "the more general principal [of] circumstantial evidence" (Feblot v New York Times Co., 32 NY2d 486, 498 [Breitel, J., concurring]).

Therefore, we find that the trial court erred in dismissing the plaintiffs' complaint upon the defendant and third-party plaintiff's motion at the completion of the plaintiffs' opening statement to the jury, and consequently, there must be a new trial.

We have considered the contentions in support of an affirmance and find them to be without merit. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.