■ FRANK SEMINARA et al., Appellants, v DOMINICK IA-DANZA et al., Respondents, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.),

dated June 12, 1986, as upon a trial ruling granting the respondents' motion made at the end of opening statements to dismiss the complaint as against them, dismissed the complaint as against them.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, and a new trial is granted, with costs to abide the event.

The plaintiff Frank Seminara was injured by shards of glass when a bottle of ginger ale exploded during a party hosted by the respondents, Dominick and Genevieve Iadanza at their home. The bottle was allegedly purchased from a supermarket owned by the defendant Food Fair Stores, Inc. (hereinafter Food Fair). The plaintiffs commenced an action, *inter alia*, against the respondents and Food Fair alleging various theories of negligence. With respect to the Iadanzas, the plaintiffs alleged in their complaint that they were negligent in the "handling, storage and usage of such bottle of ginger ale". In response to the respondents' demand, the plaintiffs alleged in their bill of particulars that the respondents failed "to exercise due care in the control, handling and storage of a half-gallon ginger ale bottle".

At the commencement of the trial, the plaintiffs' counsel made an opening statement in which he outlined his case against the respondents as follows:

"Now while present at that party the defendants Iadanza had placed on the ground and exposed to the sun a bottle of soda. This soda bottle was made of glass * * *

"Now against Mr. Iadanza we claim and intend to prove that he—them, I should say—were negligent and that the reason for the bottle exploding was due to the negligence, carelessness, fault of the Iadanzas in either the handling, the usage, or storage of such soda bottle; okay? And on account of the negligence of the Iadanzas that bottle so exploded and so injured the plaintiff. This injury occurred from no fault of the plaintiff Seminara".

At the close of all of the opening statements, counsel for the respondents moved for dismissal of the complaint as against the respondents on the ground that the plaintiffs' counsel failed to indicate in his opening statement "any scintilla whatsoever of what would constitute negligence respecting the defendants Iadanza".

The trial court then granted the respondents' motion to dismiss the complaint on the ground that the plaintiffs' counsel had framed his theory of the respondents' negligence in

the disjunctive as "[e]ither this or this or this", viz., either handling, usage or storage of the soda bottle.

We disagree with the trial court's ruling.

It is a well-settled rule in New York that dismissal of a complaint at the end of the plaintiffs' opening statement is disfavored and will be allowed only where (1) the complaint does not state a cause of action, (2) the cause of action is conclusively defeated by an admitted defense, or (3) counsel by admissions or statements of fact has subverted his cause of action (see, *Hoffman House v Foote,* 172 NY 348; *Wilson v Schindler Haughton Elevator Corp.,* 118 AD2d 777; *O'Leary v American Airlines,* 100 AD2d 959).

None of these exceptions is present in the instant record. The complaint set forth a valid cause of action based upon the alleged negligence of the respondents in placing the soda bottle in the sun. There was nothing in the opening statement of the plaintiffs' counsel, including his use of the disjunctive form, which warranted the dismissal of the complaint at that juncture.

Accordingly, the order and judgment appealed from must be reversed, the motion of the respondents to dismiss the complaint denied, and a new trial granted. Mangano, J. P., Niehoff, Kunzeman and Kooper, JJ., concur.