■ FRANCIS McLOUGHLIN et al., Appellants, v HOLY CROSS HIGH SCHOOL, Respondent. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Hyman, J.), dated December 15, 1986, as, upon granting the defendant's motion to dismiss the complaint for failure to state a cause of action, made at the conclusion of the plaintiffs' opening statement, is in favor of the defendant and against them.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The instant action was instituted to recover damages for injuries caused to the infant plaintiff by a fellow student at the defendant school. The plaintiffs' complaint essentially

alleged that on July 20, 1983, the infant plaintiff, then 14 years of age, was seated in his tenth grade classroom at the defendant school. While the class was assembled, the teacher left the room for approximately 10 minutes. During that time, a student from another class entered the classroom and started fighting with the infant plaintiff. In the course of the fight, the student threw a desk at the infant plaintiff causing him to sustain serious physical injuries. The plaintiffs alleged that the defendant school was responsible for the injuries by reason of the fact that the teacher was negligent in leaving the classroom unsupervised.

At the commencement of the trial, the plaintiffs' counsel made an opening statement in which he stated, *inter alia,* that the student who assaulted the infant plaintiff "had a history of being a bully and tough guy". At the end of the plaintiffs' opening statement, the defendant school moved to dismiss the complaint. The motion was granted and the complaint was dismissed. We affirm.

Although the dismissal of a complaint at the end of a plaintiff's opening statement is generally disfavored by the courts, it is permitted in cases where (1) the complaint does not state a cause of action, (2) the cause of action is conclusively defeated by an admitted defense, or (3) counsel by admissions or statements of fact, has subverted the plaintiff's cause of action (*see, Seminara v Iadanza,* 131 AD2d 457; *Wilson v Schindler Haughton Elevator Corp.,* 118 AD2d 777). In the case at bar, it is not contended that the plaintiffs' counsel either made admissions or statements of fact during his opening statement which subverted the plaintiffs' cause of action or that the cause of action was defeated by an admitted defense. However, upon a review of the record, we agree with the trial court's determination that the plaintiffs' complaint fails to state a cause of action. The complaint is deficient in that it does not allege that the defendant school knew or should have known that the student who assaulted the infant plaintiff had a history of violent behavior which would pose a threat to the safety of the other students. Moreover, even if we were to consider counsel's opening remark to the effect that the assaulting student "had a history of being a bully and tough guy", the plaintiffs' cause of action would still fail in view of the absence of any allegation that the defendant school should have reasonably foreseen that this student, who was not a member of the infant plaintiff's class, would have entered the classroom, while the teacher was absent, and assault the infant plaintiff. This element of foreseeability is

essential to the plaintiffs' cause of action *(see, Brown v City of New York,* 130 AD2d 701; *Alferoff v Casagrande,* 122 AD2d 183). Accordingly, the defendant's motion to dismiss the complaint was properly granted.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Mollen, P. J., Eiber, Kunzeman and Spatt, JJ., concur.