■ JAMES PATTERSON et al., Appellants, v NATHAN L. SEROTA et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered July 23, 1986, and (2) a resettled judgment of the same court dated November 25, 1986, as upon granting the defendant's motion to dismiss made after the opening statement of the plaintiffs' counsel at the trial, dismissed the complaint.

Ordered that the appeal from the judgment entered July 23, 1986, is dismissed, without costs or disbursements. That judgment was superseded by the resettled judgment dated November 25, 1986; and it is further,

Ordered that the appeal by the plaintiff June Patterson from the resettled judgment dated November 25, 1986, is dismissed, without costs or disbursements; and it is further,

Ordered that the resettled judgment dated November 25, 1986 is reversed, on the law, the motion is denied insofar as it sought dismissal of the cause of action asserted by the plaintiff James Patterson against the defendant Serota, and the matter is remitted to the Supreme Court, Nassau County, for a new trial, with costs to abide the event.

The plaintiff James Patterson was injured when a scaffold on which he was working at a construction site collapsed. Subsequently, the plaintiffs commenced suit against the owner of the premises, the defendant Nathan L. Serota, and a lessee of the premises, the defendant Valley Gourmet, Ltd., alleging, *inter alia,* a cause of action under Labor Law § 240. At the trial of the action, the plaintiffs' counsel, in his opening statement, described the accident as above, although he did not specifically state that the defendant Serota was the owner of the premises on which the accident occurred. After counsel's opening statement, the court, *sua sponte,* took the plaintiffs' counsel aside and informed him that he believed the opening statement failed to set forth a prima facie case in that counsel had failed to allege that Serota had any involvement with the erection of the scaffolding. In response, counsel informed the court that Serota was the owner of the premises, and argued in response to defense counsels' subsequent motions to dismiss that Serota had, in fact, admitted ownership of the premises in his answer. The court, nevertheless, dismissed the complaint upon the ground that counsel's opening statement failed to set forth a prima facie case. The plaintiffs now appeal, limiting their contentions of error to the dismissal of the complaint as to the defendant Serota. We conclude that the trial court erred in dismissing the complaint insofar as it asserts an action by the plaintiff James Patterson against the defendant Serota.

Initially, we note that the appeal by the plaintiff June Patterson must be dismissed. The plaintiffs' attorney stated during his opening that he was voluntarily discontinuing the cause of action brought on behalf of June Patterson. Consequently, June Patterson was not aggrieved by the judgment dismissing the complaint insofar as the complaint was asserted by her *(see,* CPLR 5511).

With regard to the merits, dismissals after a plaintiff's opening statement are not favored *(see, Hoffman House v Foote,* 172 NY 348, 351; *Perretti v City of New York,* 132 AD2d 537; *Alexander v Seligman,* 131 AD2d 528; *Seminara v Iadanza,* 131 AD2d 457; *Wilson v Schindler Haughton Elevator Corp.,* 118 AD2d 777; *O'Leary v American Airlines,* 100 AD2d

959, 960). At bar, the plaintiff's second cause of action alleged violation of Labor Law § 240 in that the defendants failed to provide a safe place to work. It is well settled that the duty imposed by section 240 is nondelegable and, where a violation of that duty proximately causes injury to a member of the class for whose benefit the statute was enacted, the owner and general contractor are absolutely liable *(see, Bland v Manocherian,* 66 NY2d 452, 459; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520, *rearg denied* 65 NY2d 1054; *Haimes v New York Tel. Co.,* 46 NY2d 132; *Hauff v CLXXXII Via Magna Corp.,* 118 AD2d 485). As the Court of Appeals has observed, "the legislative history of the Labor Law, particularly sections 240 and 241, makes clear the Legislature's intent to achieve the purpose of protecting workers by placing 'ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor' (1969 NY Legis Ann, at 407), instead of on workers, who 'are scarcely in a position to protect themselves from accident' " *(Zimmer v Chemung County Performing Arts, supra,* at 520, quoting *Koenig v Patrick Constr. Co.,* 298 NY 313, 318).

At bar, the defendant Serota admitted in his answer that he owned the premises involved and the plaintiffs' counsel specifically informed the trial court of the foregoing admission in opposing the defense counsels' motions to dismiss. The injured plaintiff was not, as the court suggested, required to establish that the defendant Serota exercised control or supervision over the workplace or the scaffolding in order to set forth a prima facie case under his cause of action under Labor Law § 240. As this court has observed, "an owner's duty to ensure that the scaffolding employed at a worksite is constructed, placed, and operated so as to give proper protection to the employees (Labor Law § 240) is wholly independent of the owner's actual control of supervision of the workplace" *(Lindner v Kew Realty Co.,* 113 AD2d 36, 43). Accordingly, it is our view that the judgment should be reversed and the plaintiff afforded the opportunity to present his proof at the trial. Rubin, J. P., Kunzeman, Kooper and Sullivan, JJ., concur.