■ LUCILLE SCHOMAKER, Appellant, v NUNZIO PECORARO et al., Respondents. [654 NYS2d 830] —In an action, *inter alia*, to recover damages pursuant to Debtor and Creditor Law article 10, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Kutner, J.), dated November 8, 1995, which granted the defendants' respective motions pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law dismissing the second through tenth causes of action in the complaint, and (2) a judgment of the same court, entered November 15, 1995, which, upon the order dated November 8, 1995, and upon the granting of the defendants' respective motions made at the conclusion of opening statements to dismiss the first cause of action, is in favor of the defendants and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed, without costs and disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof which dismissed the first cause of action asserted in the complaint; as so modified, the judgment is affirmed, without costs and disbursements, the defendants' motions to dismiss the first cause of action are denied, and the *matter* is remitted to the Supreme Court, Nassau County, for a trial on the first cause of action.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The Supreme Court properly granted those branches of the defendants' respective motions pursuant to CPLR 4401 which were to dismiss the second through ninth causes of action asserted in the complaint. Viewing the evidence in the light most favorable to the plaintiff, and granting her every favorable inference which may be reasonably drawn therefrom, there is no rational process by which a jury could conclude that Frank D'Angelo, Jr., and Ann D'Angelo conveyed their assets without fair consideration and were rendered insolvent thereby (*see,* Debtor and Creditor Law § 273), or conveyed their assets without fair consideration during the pendency of an action by the plaintiff and before a judgment was docketed in favor of the plaintiff (*see,* Debtor and Creditor Law § 273-a). Furthermore, the evidence in the record was insufficient for a rational jury to conclude that Frank D'Angelo, Jr., and Ann D'Angelo conveyed their assets to "hinder, delay or defraud" creditors (Debtor and Creditor Law § 276). Therefore, the plaintiff was not entitled to attorney's fees (*see,* Debtor and Creditor Law § 276-a). Likewise, the conspiracy cause of action must fail (*see, Alexander & Alexander v Fritzen*, 68 NY2d 968).

The Supreme Court also properly granted those branches of the defendants' respective motions which were for judgment as a matter of law as to the tenth cause of action asserted in the complaint. No jury could rationally conclude that the defendant Nunzio Pecoraro was guilty of any deceit or collusion with intent to deceive the decedent in a prior litigation (*see,* Judiciary Law § 487 [1]).

However, the trial court improperly dismissed the first cause of action alleging fraudulent misrepresentation. Motions to dismiss a complaint after the plaintiff's opening statement are greatly disfavored (*see, Fuller v New York City Bd. of Educ.*, 206 AD2d 452, 453; *De Vito v Katsch*, 157 AD2d 413, 416-417). Generally, "the prospect of dismissal on opening exists only when, from all available indications, the case is doomed to defeat" (*De Vito v Katsch, supra*, at 416). Accordingly, a complaint may be dismissed after opening statements where it "can be demonstrated either (1) that the complaint does not state a cause of action or (2) that a cause of action well stated is conclusively defeated by something interposed by way of defense and clearly admitted as a fact, or (3) that the learned

counsel for the plaintiff, in his [or her] opening address, by some admission or statement of facts, so completely ruined his [or her] case that the court was justified in granting a nonsuit" (*Hoffman House v Foote*, 172 NY 348, 350).

The first cause of action alleged sufficient facts addressing all the essential elements of a fraud cause of action: a fraudulent misrepresentation, scienter, reliance, and damages (*see, 113-14 Owners Corp. v Gertz*, 123 AD2d 850; 60 NY Jur 2d, Fraud & Deceit, § 223). Both the plaintiff's counsel and the trial court acknowledged this during counsel's offer of proof. Moreover, there was no defense interposed nor admission made by the plaintiff's counsel which justified the dismissal of this cause of action. Accordingly, the trial court erred when it dismissed the first cause of action following opening arguments and the matter is remitted to the Supreme Court, Nassau County, for a trial on this cause of action.

The plaintiff's remaining contentions are either unpreserved for appellate review, without merit, or do not require further modification of the judgment. Bracken, J. P., Copertino, Altman and Krausman, JJ., concur.