■ NINA GLEYZER, Appellant, v YEHUDA STEINBERG, Respondent. [679 NYS2d 154] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), dated September 4, 1997, which, upon granting the defendant's oral motion made at the conclusion of opening statements to dismiss the complaint, is in favor of the defendant and against her.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion is denied, the complaint is reinstated, and the case is remitted to the Supreme Court, Kings County, for trial.

Motions to dismiss made after a plaintiff's opening statement are disfavored and should be granted only where the defendant establishes either that (1) the complaint does not state a cause of action, (2) the cause of action is conclusively defeated by an admitted defense, or (3) admissions or statements of fact made by plaintiff's counsel in the opening absolutely preclude recovery (*see, Hoffman House v Foote,* 172 NY 348, 350; *Schomaker v Pecoraro,* 237 AD2d 424, 425-426; *De Vito v Katsch,* 157 AD2d 413, 417-418). Generally, "the prospect of a dismissal on opening exists only when, from all available indications, the case is doomed to defeat" (*De Vito v Katsch, supra,* at 416).

In this case, the complaint, as amplified by the bill of particulars, states a cause of action for negligence, and nothing in the plaintiff's opening statement precluded the possibility of recovery. Consequently, the Supreme Court erred in dismissing the complaint (*see, Seminara v Iadanza,* 131 AD2d 457; *Wilson v Schindler Haughton El. Corp.,* 118 AD2d 777; *Schaefer v Karl,* 43 AD2d 747). Bracken, J. P., Miller, O'Brien and Santucci, JJ., concur.