■ HUBERT BALLANTYNE et al., Appellants, v CITY OF NEW YORK, Respondent. [797 NYS2d 506]—

In an action to recover for damage to property, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Schulman, J.), dated August 4, 2004, which, upon the granting of the defendant's application to dismiss the complaint, made at the close of the plaintiff's opening statement, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is reversed, on the law, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial, with costs to abide the event.

A dismissal of the complaint after the plaintiff's attorney's opening statement is warranted only where "it can be demonstrated either (1) that the complaint does not state a cause of action . . . (2) that a cause of action well stated is conclusively defeated by something interposed by way of defense and clearly

admitted as a fact or (3) that the learned counsel for the plaintiff, in his [or her] opening address, by some admission or statement of fact, so completely ruined his [or her] case that the court was justified in granting a nonsuit" (*Hoffman House, N.Y. v Foote,* 172 NY 348, 350 [1902]; *see* CPLR 4401; *Gleyzer v Steinberg,* 254 AD2d 455 [1998]; *Schomaker v Pecoraro,* 237 AD2d 424 [1997]; *De Vito v Katsch,* 157 AD2d 413 [1990]; *McLoughlin v Holy Cross High School,* 135 AD2d 513 [1987]). None of these three criteria was satisfied here.

The plaintiffs allege much more than the mere occurrence of one flood due to the unforeseeable overflow of a municipal sewer occasioned, for example, by exceptional weather conditions or by the presence of an obstruction of which the defendant had no prior knowledge (*cf. Briga v Town of Binghamton,* 8 AD3d 874 [2004]; *Hongach v City of New York,* 8 AD3d 622 [2004]; *Linden Towers Coop. No. 4 v City of New York,* 272 AD2d 587 [2000]; *Tang v Village of Geneseo,* 303 AD2d 987 [2003]; *Biernacki v Village of Ravena,* 245 AD2d 656 [1997]). Instead, as reflected in the complaint, in counsel's opening statement, and in the colloquy that took place following the defendant's application to dismiss, the plaintiffs allege that, since 1989, there had been continual flooding of their property until, in 1993, as part of the "Sayres Avenue Reconstruction Project," the defendant requested and obtained the plaintiffs' consent to come onto their property to fix the problem. The plaintiffs allege that the flooding at their house actually worsened after the defendant's attempts at repair, and that, on June 21, 1995, while the repair project was still in progress, the plaintiffs' cellar was flooded with more than five feet of water. The plaintiffs allege that the defendant acknowledged in writing that a "problem" with the sewer had led to the 1995 flood, and that the defendant promised in writing that this "problem" would be alleviated once repair work had been completed.

We need not decide, at this premature juncture, whether the plaintiffs will ultimately be required to submit expert testimony to establish liability in light of the particular facts of this case (*see generally Foltis, Inc. v City of New York,* 287 NY 108 [1941]; *Seifert v City of Brooklyn,* 101 NY 136 [1886]; *McCarthy v City of Syracuse,* 46 NY 194 [1871]; *Barton v City of Syracuse,* 36 NY 54 [1867]; *Talcott v City of New York,* 58 App Div 514 [1901]; *Pickersgill v City of New York,* 168 Misc 2d 768 [1996]; Annotation, *Res Ipsa Loquitur as Applicable in Actions for Damage to Property for the Overflow or Escape of Water,* 91 ALR3d 186; *cf., Smith v Mayor of City of N.Y.,* 66 NY 295 [1876]; *Hongach v City of New York, supra*; *Linden Towers Coop. No. 4 v City of*

*New York, supra* at 587; *Biernacki v Village of Ravena, supra* at 657). We hold only that, under the standard outlined above, the complaint was improperly dismissed after the plaintiff's opening statement. Cozier, J.P., Ritter, Santucci and Luciano, JJ., concur.