■ JOHN McCORMACK et al., Respondents, v UNIVERSAL CARPET & UPHOLSTERY CLEANERS, Appellant, and VF PROPERTIES, LLC, Defendant and Third-Party Plaintiff-Appellant. MONTAUK RUG & CARPET, Third-Party Defendant-Respondent. [815 NYS2d 635]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendant Universal Carpet & Upholstery Cleaners and the defendant third-party plaintiff appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated November 5, 2004, as denied that branch of their renewed motion which was for sum-

mary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) and granted the renewed cross motion of the third-party defendant for summary judgment dismissing the third-party complaint.

Ordered that the appeal by the defendant Universal Carpet & Upholstery Cleaners from so much of the order as granted the renewed cross motion for summary judgment dismissing the third-party complaint is dismissed as that defendant is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the renewed motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) and substituting therefor a provision granting that branch of the renewed motion; as so modified, the order is affirmed insofar as appealed from and the cause of action alleging a violation of Labor Law § 241 (6) is dismissed; and it is further,

Ordered that one bill of costs is awarded to the appellants payable by the plaintiffs.

Universal Carpet & Upholstery Cleaners (hereinafter Universal) entered into an agreement with Montauk Rug & Carpet (hereinafter Montauk) to have carpeting installed at certain premises Universal rented from VF Properties, LLC (hereinafter VF Properties). Montauk sent the plaintiff John McCormack (hereinafter the injured plaintiff) to perform the work. When the injured plaintiff was using his hammer to remove a nail embedded in the floor, a piece of the nail broke off and struck him in the eye.

The injured plaintiff and his wife, Annette McCormack, commenced an action, inter alia, to recover damages for a violation of Labor Law § 241 (6) against Universal and VF Properties (hereinafter collectively the defendants). VF Properties commenced a third-party action against Montauk, inter alia, for defense and indemnification.

The defendants moved, inter alia, for summary judgment dismissing the complaint, and the third-party defendant cross-moved for summary judgment dismissing the third-party complaint. In an order dated January 6, 2004 the Supreme Court denied the motion and cross motion, in effect, with leave to renew, because the case had been marked off the trial calender. Subsequently, the parties renewed the motion and the cross motion, respectively. In an order dated November 5, 2004 the Supreme Court, after restoring the matter to the calendar, granted summary judgment dismissing all of the causes of ac-

tion except for the cause of action based on a violation of Labor Law § 241 (6), and granted summary judgment dismissing the third-party complaint. We modify.

To recover damages for a violation of Labor Law § 241 (6), a plaintiff must establish that a provision of the industrial code was violated and that the violation proximately caused his or her injuries (*see Plass v Solotoff*, 5 AD3d 365, 367 [2004]). Here, the plaintiffs alleged a violation of 12 NYCRR 23-1.8 (a) which states that "eye protection equipment . . . shall be provided for and shall be used by all persons . . . while engaged in any other operation which may endanger the eyes." However, the injured plaintiff's deposition testimony established that he used a power stretcher and a scraper supplied by Montauk as well as his own tools when performing flooring work, that he brought the tools that he used to the job site, and, although he owned protective goggles, he chose not to bring the goggles or wear them whenever he performed flooring work. Thus, the plaintiffs' proof established, as a matter of law, that the injured plaintiff's actions were the sole proximate cause of his injury.

In light of this determination, we need not consider the defendants' remaining contention. Schmidt, J.P., Adams, Luciano and Covello, JJ., concur.