■ Magid Beshay et al., Appellants, v Eberhart L.P. #1 et al., Respondents. [893 NYS2d 242]—

The plaintiff Magid Beshay allegedly was injured at a work site when a piece of flying debris struck him in the left eye. The debris allegedly was a piece of a circular saw blade. At the time, the saw was being operated by a coworker of Magid's. Magid and his wife, suing derivatively, commenced this action against the owner of the subject premises, the defendant Eberhart L.P. #1 (hereinafter Eberhart). As relevant here, the plaintiffs asserted Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence causes of action against Eberhart. The Labor Law § 240 (1) cause of action was dismissed as a result of prior motion practice, and is not at issue here. The plaintiffs also named, as defendants, Robert Bosch Tool Corp. and Bosch Tool Corp. (hereinafter together Bosch). Bosch allegedly manufactured the circular saw and/or its blade. As against Bosch, the plaintiffs only asserted causes of action sounding in strict

products liability and breach of the warranty of fitness for a particular use.

Following the opening statement of the plaintiffs' counsel, both Eberhart and Bosch made separate motions pursuant to CPLR 4401 (a) for judgment as a matter of law. In response to a question from the trial court, the plaintiffs' counsel indicated that he would not change his opening statement if given a chance to "reopen." The court granted both motions. The plaintiffs appeal from the judgment dismissing the complaint. We modify.

A dismissal of a complaint after the opening statement of a plaintiff's attorney is warranted only where it can be demonstrated either (1) that the complaint does not state a cause of action, (2) that a cause of action that is otherwise stated is conclusively defeated by something interposed by way of a defense and clearly admitted as a fact, or (3) that the counsel for the plaintiff, in his or her opening statement, by some admission or statement of fact, so completely compromised his or her case that the court was justified in awarding judgment as a matter of law to one or more defendants (*see Ballantyne v City of New York*, 19 AD3d 440, 440-441 [2005]; *see also* CPLR 4401; *Hoffman House, N.Y. v Foote*, 172 NY 348, 350 [1902]; *Schomaker v Pecoraro*, 237 AD2d 424, 425-426 [1997]; *De Vito v Katsch*, 157 AD2d 413, 416-417 [1990]).

Here, the plaintiffs' Labor Law § 241 (6) cause of action was based upon Eberhart's alleged violation of 12 NYCRR 23-1.8 (a). That provision of the Industrial Code states that suitable, approved eye protection "shall be provided for and shall be used by all persons" while engaged in "any operation which may endanger the eyes" (*id.*) During his opening statement, the plaintiffs' counsel admitted that Magid was wearing protective eye gear just prior to the time of the accident, but chose to remove the eye gear in order to clean it. After he removed the eye gear, he was struck in his left eye by the flying debris. This admission absolved Eberhart of liability under 12 NYCRR 23-1.8 (a) and Labor Law § 241 (6) (*see McCormack v Universal Carpet & Upholstery Cleaners*, 29 AD3d 542, 543-544 [2006]). Accordingly, this cause of action was properly dismissed upon Eberhart's motion (*see De Vito v Katsch*, 157 AD2d at 416-417).

However, the complaint, as amplified by the plaintiffs' bill of particulars, stated viable Labor Law § 200 and common-law negligence causes of action against Eberhart. Furthermore, it stated viable causes of action against Bosch sounding in strict products liability and breach of the warranty of fitness for a particular use. Nothing in the plaintiffs' opening statement

precluded the possibility of recovery pursuant to those theories. Accordingly, the Supreme Court erred in dismissing those causes of action (*see Gleyzer v Steinberg*, 254 AD2d 455 [1998]; *Schomaker v Pecoraro*, 237 AD2d at 425-426).

Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a new trial on the issue of liability on the Labor Law § 200 and common-law negligence causes of action insofar as asserted against Eberhart, and the derivative cause of action based thereon, on the issue of liability on the complaint insofar as asserted against Bosch, and on the issue of damages, if warranted. Fisher, J.P., Miller, Eng and Hall, JJ., concur.