■ WESTCHESTER MALL, LLC, as Successor in Interest to FASHION MALL PARTNERS, L.P., Appellant, v MANOUCHER HEDVAT, Respondent, et al., Defendants. [961 NYS2d 214]—

In an action to recover damages for breach of a commercial lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.),

entered November 9, 2011, as granted that branch of the application of the defendant Manoucher Hedvat which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against him, made at the conclusion of the plaintiff's opening statement.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the application of the defendant Manoucher Hedvat which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against him is denied.

"A dismissal of a complaint after the opening statement of a plaintiff's attorney is warranted only where it can be demonstrated either (1) that the complaint does not state a cause of action, (2) that a cause of action that is otherwise stated is conclusively defeated by something interposed by way of a defense and clearly admitted as a fact, or (3) that the counsel for the plaintiff, in his or her opening statement, by some admission or statement of fact, so completely compromised his or her case that the court was justified in awarding judgment as a matter of law to one or more defendants" (*Beshay v Eberhart L.P. #1*, 69 AD3d 779, 781 [2010]). Dismissal at the conclusion of an opening statement is disfavored (*see Gleyzer v Steinberg*, 254 AD2d 455 [1998]).

Here, nothing was said or submitted in the plaintiff's opening statement indicating that the plaintiff did not have a cause of action against the defendant Manoucher Hedvat. Further, there is no indication that the plaintiff failed to state a cause of action against Hedvat. In both the original and amended complaints, the plaintiff asserted that Hedvat "completely dominated and controlled and abused the corporate form" of his corporation, Piruz Enterprises, Inc. (hereinafter Piruz), and, in so doing, "committed a fraud" against the plaintiff, which was Hedvat's landlord. These allegations were repeated in the opening statement, which cited Hedvat's deposition testimony as evidence that he conducted business in the name of Piruz, which was a defunct corporation since 2003, to avoid paying rent that was due to the plaintiff.

Accordingly, that branch of Hedvat's application which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against him, made at the conclusion of the plaintiff's opening statement, should have

been denied. Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.

Motion by the respondent, inter alia, to dismiss an appeal from an order of the Supreme Court, Nassau County, entered November 9, 2011, on the ground that the order is not appealable as of right. By decision and order on motion of this Court dated July 24, 2012, that branch of the motion which was to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the branch of the motion which was to dismiss the appeal is denied. Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.