■ Roger L. Fudge, Jr., Individually and as Administrator of the Estate of Melissa Fudge, Deceased, Appellant, v North

SHORE-LONG ISLAND JEWISH HEALTH SERVICES PLAINVIEW AND MANHASSET HOSPITALS et al., Defendants, and PETER PERVIL, M.D., et al., Respondents. [986 NYS2d 490]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from a judgment of the Supreme Court, Queens County (Hart, J.), entered April 17, 2013, which, upon, sua sponte, directing the dismissal of the complaint insofar as asserted against the defendants Peter Pervil and Charles Farber, is in favor of those defendants and against him dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated insofar as asserted against the defendants Peter Pervil and Charles Farber, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the complaint before a different Justice.

The Supreme Court erred in, sua sponte, directing the dismissal of the complaint insofar as asserted against the defendants Peter Pervil and Charles Farber *during* the plaintiff's counsel's opening statement. The Supreme Court erroneously interrupted the plaintiff's counsel's presentation of his opening statement, and issued an anticipatory ruling that Pervil and Farber were not liable to the plaintiff. The Supreme Court's determination to dismiss the complaint insofar as asserted against these defendants was based upon pure conjecture and surmise, without any legal basis, and absent any evidentiary proof.

This Court has observed that "[a] dismissal of a complaint *after* the opening statement of a plaintiff's attorney is warranted only where it can be demonstrated either (1) that the complaint does not state a cause of action, (2) that a cause of action that is otherwise stated is conclusively defeated by something interposed by way of a defense and clearly admitted as a fact, or (3) that the counsel for the plaintiff, in his or her opening statement, by some admission or statement of fact, so completely compromised his or her case that the court was justified in awarding judgment as a matter of law to one or more defendants" (*Beshay v Eberhart L.P. #1*, 69 AD3d 779, 781 [2010] [emphasis added]; *see Westchester Mall, LLC v Hedvat*, 104 AD3d 678, 679 [2013]; *Ballantyne v City of New York*, 19 AD3d 440, 440-441 [2005]). Here, the Supreme Court directed the dismissal of the complaint during the opening statement by the plaintiff's attorney and not after it. In any event, none of these three criteria was satisfied here.

Moreover, this Court has held that "[a] court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*Onewest Bank, FSB v Fernandez*, 112 AD3d 681, 682 [2013] [internal quotation marks omitted]; *see U.S. Bank, N.A. v Razon*, 115 AD3d 739 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]). Here, there were no extraordinary circumstances warranting sua sponte dismissal of the complaint insofar as asserted against Pervil and Farber.

The Supreme Court violated the doctrine of law of the case by completely disregarding a prior order, issued by a justice of coordinate jurisdiction, that had concluded that triable issues of fact existed as to whether Pervil and Farber departed from the accepted standards of care and whether such departures were a proximate cause of the injuries sustained by the plaintiff's decedent.

In view of Justice Hart's improper conduct in this matter, we deem it appropriate to remit the matter to the Supreme Court, Queens County, for further proceedings on the complaint before a different Justice.

In light of our determination, we need not consider the plaintiff's remaining contention. Rivera, J.P., Chambers, Austin and Duffy, JJ., concur.